

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wilson" (2007). *2007 Decisions.* Paper 981.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/981

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5403

UNITED STATES OF AMERICA, Appellee,

v.

MAURICE WILSON, Appellant.

On Appeal from the United States District
Court for the District of New Jersey
(D.C. Criminal No. 05-CR-13-2)
District Judge: Honorable Garrett E. Brown, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: SLOVITER and AMBRO, <u>Circuit</u> <u>Judges</u>, and POLLAK,[*] <u>District</u> <u>Judge</u>

(Opinion filed:  June 8, 2007)

OPINION

POLLAK, <u>District</u> <u>Judge</u>:

This appeal follows Maurice Wilson's criminal conviction and sentencing in the

United States District Court for the District of New Jersey.  On June 21, 2005, pursuant to

---

[*] Honorable Louis H. Pollak, Senior District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

a plea agreement with the government, Wilson pled guilty to one count of conspiracy to distribute, and to possess with the intent to distribute, cocaine, in violation of federal law. *See* 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846. On December 5, 2005,Wilson was sentenced to a prison term of 130 months. On appeal Wilson contends that the 130-month term was unreasonable and an abuse of the District Court's sentencing discretion. However, as part of his plea agreement with the government, Wilson waived his right to appeal. Wilson does not challenge the validity of that waiver. Therefore, if it is apparent that the waiver was knowing and voluntary, we will not exercise our jurisdiction to review the merits of Wilson's appeal. *See United States v. Gwinnett*, No. 06-1766, --- F.3d ----, slip. op. at 6 (3d Cir. Apr. 26, 2007).

## I.

Wilson's plea agreement included a provision stating that he

> voluntarily waive[d] the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 [sentencing appeals] or a motion under 28 U.S.C. § 2255 [petition for habeas corpus], which challenges the sentence imposed by the sentencing court if that sentence falls within or below the [United States Sentencing] Guidelines range that results from the agreed total Guidelines offense level of 34, if Maurice Wilson is found to be a career offender, and 33, if Maurice Wilson is not found to be a career offender.

App. at 42–43 ¶ 7 ("Plea Agreement with Maurice Wilson"); *see also id.* ¶ 8 ("Both parties reserve the right to oppose or move to dismiss any appeal . . . barred by the preceding paragraph."). At the change-of-plea hearing, counsel presented this plea agreement to the District Court; Wilson stated that he understood the agreement and had

voluntarily assented to it. Government counsel then summarized the contents of the plea agreement (including the waiver of appellate rights), Wilson again confirmed his assent, and the District Court accepted the agreement.

The presentence report (PSR) issued by the United States Probation Office stated that Wilson was a career offender and that the applicable guidelines offense level was 34. At the sentencing hearing, the District Court—after ascertaining that neither party objected to the PSR—adopted the PSR and the offense level of 34, and found that the resulting guidelines sentencing range was 262 to 327 months. After reducing the offense level and sentencing range based on Wilson's cooperation with the government, and after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court sentenced Wilson to a term of 130 months imprisonment.

## II.

We will enforce a provision in a plea agreement waiving the defendant's right to appeal "if [the waiver is] entered into knowingly and voluntarily, . . . unless [it] work[s] a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). In *Gwinnett*, we held that we have subject matter jurisdiction to review the merits of the appeal where appellate rights have been waived, but we will decline to exercise that jurisdiction and will affirm the sentence if we find that the appeal falls within the terms of a valid and enforceable waiver. *See Gwinnett*, No. 06-1766, slip op. at 6, 10.

## III.

The waiver provision of Wilson's plea agreement, quoted above, is facially valid,[1] and Wilson does not claim that it was either unknowing or involuntary. Furthermore, Wilson does not allege that enforcing the waiver will "work a miscarriage of justice." (Indeed, Wilson's filings do not mention the appellate waiver at all.) We find the waiver valid and enforceable.

In addition, we find that Wilson's appeal falls squarely within the terms of the waiver provision. Wilson's right to appeal was preserved only if his sentence failed to "fall[] within or below the Guidelines range that results from the agreed total Guidelines offense level of 34." App. at 42–43 ¶ 7. Wilson does not dispute that the sentencing judge correctly found that guidelines range to be 262 to 327 months. The sentence imposed was 130 months, far below the guidelines range. Accordingly, "we are satisfied that the current appeal is within the scope of [Wilson's] waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc) (per curiam).

\* \* \* \* \*

---

[1] That is, the plea agreement is in the standard form, was entered into by the defendant after an opportunity to consult with his attorney, bears the signature of the defendant, and was agreed to and adopted by both parties and by the District Court at the change-of-plea hearing.

For the reasons set forth above, the judgment of the District Court will be affirmed.

_____