

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# USA v. Booker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Booker" (2007). *2007 Decisions.* Paper 742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1074

UNITED STATES OF AMERICA

v.

ROBERT BOOKER,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00307)
District Judge: Honorable Gustave Diamond

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2007

Before: RENDELL and AMBRO, Circuit Judges,
SHAPIRO,[*] District Judge

(Opinion filed: July 18, 2007)

OPINION

AMBRO, Circuit Judge

---

[*]Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Robert Booker appeals his drug and firearm convictions on the ground that the Government seized its key evidence in an unconstitutional traffic stop. He also challenges the portion of his sentence that requires him to submit to DNA testing. For the reasons that follow, we affirm both the conviction and the sentence.[1]

## I.

Because we write only for the parties, we relate only those facts necessary to our disposition. On the evening of June 20, 2004, Booker and Pittsburgh police officer Robert Kavals were driving in opposite directions on North Homewood Avenue in Pittsburgh. As they approached each other, Booker turned left onto Race Street. Kavals turned on his lights and siren, attempting to pull Booker over. After stopping his car, Booker got out and began to walk away. Kavals told him to stop and that he was not free to leave, but Booker ran away. Kavals caught and arrested him. During the chase, Booker had thrown away a handgun. A search of his person following the arrest revealed two plastic bags containing crack cocaine. Based on this incident, a grand jury charged Booker with one count of possession of five or more grams of crack with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii), and one court of carrying a firearm while committing a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).

Booker moved to suppress evidence of the drugs and the gun on the ground that

---

[1] We have jurisdiction to review the conviction under 28 U.S.C. § 1291 and the sentence under 18 U.S.C. § 3742(a)(1). We review the District Court's factual findings at a suppression hearing for clear error and its legal conclusions *de novo*. *United States v. Hull*, 456 F.3d 133, 142 (3d Cir. 2006).

the traffic stop was an unlawful seizure under the Fourth Amendment. At the suppression hearing, Kavals testified that he stopped Booker for two reasons: (1) failing to stop at a stop sign, and (2) failing to use a turn signal. From the evidence Booker presented at the hearing, it is clear (and the Government now admits) there was no stop sign at the corner of North Homewood Avenue and Race Street. Confronted with this evidence, Kavals testified that he thought there was a stop sign, as he was slowing to a stop himself when he saw Booker turn in front of him. The District Court ruled that the stop was lawful because Kavals reasonably thought there was a stop sign and because Booker did not use a turn signal.

Following the admission of this evidence, Booker pled guilty to both counts. In his plea agreement, however, he preserved for appeal the issue of whether his motion to suppress should have been granted.

A traffic stop is permissible under the Fourth Amendment if the officer has a reasonable, articulable suspicion that an individual has violated the traffic laws. *United States v. Delfin-Colina*, 464 F.3d 392, 397 (3d Cir. 2006). It is undisputed that making a turn without using a turn signal is illegal in Pennsylvania. 75 Pa. Cons. Stat. § 3334(b). The District Court credited Kavals's unrebutted testimony that Booker did not use his signal. Thus, Kavals had the reasonable suspicion necessary to make a constitutional traffic stop.

Booker argues that Kavals's mistake regarding the stop sign should have led the Court to discredit the whole of his testimony. We cannot agree. It is certainly plausible

3

that Kavals made a good-faith mistake in believing that there was a stop sign at the intersection but correctly noted that Booker did not use a turn signal. Kavals s`o testified. The question is whether the District Court should have believed him. Determining the credibility of witnesses is primarily the province of the factfinder, and when, as here, the District Court resolves a credibility question in a manner that is not clearly erroneous, we will not disturb it. *See Scully v. US WATS, Inc.*, 238 F.3d 497, 506 (3d Cir. 2001). Moreover, Kavals's subjective belief that he was stopping Booker for a stop-sign violation (in addition to the turn-signal violation) does not matter, as "subjective motive or intent is not relevant" to the analysis. *United States v. Goodrich*, 450 F.3d 552, 559 (3d Cir. 2006). Rather, as long as the officer has *some* "'particularized and objective basis for suspecting the particular person stopped of criminal activity,'" the stop is permissible. *Id.* (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). Because Kavals reasonably believed that Booker violated the turn-signal law, the stop was legal, and we need not address whether Kavals also had a reasonable suspicion as to a stop-sign violation.

II.

The District Court imposed a sentence of supervised release to follow Booker's prison term. As a condition of that release, Booker must submit to DNA testing as ordered by his probation officer. Booker argues that this condition also violates the Fourth Amendment, this time for requiring him to submit to an invasion of privacy without probable cause. This issue, however, is not one of the few that Booker may

4

appeal under the appellate waiver in his plea agreement. Because Booker does not challenge the validity of his appellate waiver and because we see no manifest injustice in enforcing it, we decline to consider the merits of his argument and affirm the judgment of sentence. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

\* \* \* \* \*

The District Court found that Kavals saw Booker make a turn without using a turn signal in violation of a Pennsylvania traffic law. Because this finding is not clearly erroneous, the Court's conclusion that Kavals had a reasonable suspicion that Booker had violated a traffic law is correct. We therefore affirm its denial of Booker's motion to suppress evidence and the judgment of conviction.

Because Booker waived his right to appeal the DNA testing issue, we affirm the judgment of sentence without considering the merits of Booker's argument.