

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2007

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Torres" (2007). *2007 Decisions.* Paper 579.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/579

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-4127
_____

UNITED STATES OF AMERICA

v.

VICTOR TORRES,

Appellant.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00671-2)
District Judge:  Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a) (2002)
on July 11, 2007

Before: RENDELL, AMBRO and NYGAARD, <u>Circuit Judges</u>

(Filed: August 16, 2007 )

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Victor Torres appeals from the District Court's sentencing order following his plea of guilty to one count of conspiracy and nine counts of credit card fraud, in violation of 18 U.S.C. § 1029(b)(2) and (a)(2). The Government has moved to dismiss based on Torres's waiver of his right to appeal. We will affirm.[1]

Torres was indicted in November 2005 and in January 2006 he filed a motion to suppress a statement he had given to the authorities. The motion was denied. According to the Government, Torres first indicated that he was interested in entering a plea of guilty after the District Court denied his suppression motion. As part of the guilty plea agreement ("Plea Agreement"), Torres waived his right to appeal (with certain specific exceptions).[2] The District Court specifically addressed the waiver with the defendant during the plea colloquy, outlining the three specific instances in which an appeal would be permitted, and advising Torres that, once he agreed to plead guilty, those three instances would be the only circumstances under which an appeal would be allowed. Torres stated that he understood this.

At the sentencing hearing, counsel for Torres urged that Torres be given a third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The Government had

---

[1] Pursuant to our opinion in *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007), when an appellate waiver is upheld, we affirm rather than dismiss..

[2] Torres does not contend that the issue on appeal fits within any of the stated exceptions to the appellate waiver contained in the Plea Agreement.

declined to move for this additional point because Torres's guilty plea had not come sufficiently early in the proceedings to permit the District Court or the Government to avoid the burdens of litigating the case. The District Court denied the additional point, noting that it could not be said that the Government's refusal to move to grant Torres a third acceptance point was not "rationally related to legitimate Government objectives." App. 93. The District Court sentenced Torres to 15 months' imprisonment.

On appeal, Torres argues that he should be permitted to challenge the denial of the third point for acceptance of responsibility because the denial constitutes a "'miscarriage of justice' exception to the appellate waiver rule." Appellant's Br. 15.

Torres misconstrues the concept of "miscarriage of justice," as that term was used by our court in *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), and more recently in *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007). In *Khattak*, we noted that waivers of appeal must be strictly construed but will be held to be valid as long as they have been entered into knowingly and voluntarily. 273 F.3d at 562. Such waivers extend even to meritorious claims. *Id*. at 561-62.

Here, there is no miscarriage of justice. There is no claim that the waiver was not knowing or voluntary, or that Torres was misled in any way. Torres entered a guilty plea to the charges and, at the time that he did so, there was agreement only as to his having demonstrated acceptance of responsibility so as to be eligible for a two-level downward adjustment under U.S.S.G. § 3E1.1(a). Plea Agreement ¶ 8(d). Thus, the third point was

3

not included the Plea Agreement, although Torres reserved the right to contend that he was entitled to the third point. The prosecutor had set out his reasoning for deciding not to move for the third acceptance point in a letter to the probation officer dated July 25, 2006. The District Court essentially upheld the Government's position when it denied Torres' motion for the third acceptance point. We conclude that the Government's refusal to move for the additional point was not a "miscarriage of justice."

Accordingly, we will AFFIRM the sentence imposed by the District Court in its Judgment and Commitment Order pursuant to the appellate waiver contained in the Plea Agreement.

_____