

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# USA v. Barlow

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Barlow" (2008). *2008 Decisions.* Paper 1537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-3324

UNITED STATES OF AMERICA

v.

COREY BARLOW,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Crim. No. 03-CR-00731
District Judge: The Honorable Harvey Bartle, III

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge*[*]

Filed: February 25, 2008

---

[*]The Honorable Gustave Diamond, Senior District Judge for the United States
District Court for the Western District of Pennsylvania, sitting by designation.

OPINION

DIAMOND, *District Judge*.

Appellant Corey Barlow appeals from the District Court's judgment sentencing him to 180 months of imprisonment on his guilty plea to drug trafficking and firearms charges. He argues on appeal that the waiver of his right to appeal contained in the written plea bargain agreement which he signed should not be enforced because he was denied effective assistance of counsel during the plea process, and, therefore, the waiver of his appellate rights was not knowing and voluntary. He also asks that we reach the merits of his appeal and review the District Court's sentence, which he contends was excessive and unreasonable. The Government responds that the appellate waiver should be enforced and this appeal should be dismissed. For the following reasons, we will affirm the District's Court's judgment of sentence.

I.

Because we write primarily for the parties, we will discuss only those facts relevant to our analysis. On October 29, 2003, a grand jury returned an indictment against Corey Barlow charging him with one count of possession with intent to deliver 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One), and one count of carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). On March 28, 2005,

Barlow pleaded guilty to both counts of the indictment pursuant to a written plea agreement, which provided, *inter alia*, that he "voluntarily and expressly waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution" unless the Government appealed the sentence, his sentence exceeded the statutory maximum or the District Court departed upward from the applicable guideline range. App. at 27-28. Barlow also executed an "Acknowledgment of Rights" form, which recited his understanding of the consequences attendant to his guilty plea, including his waiver of appellate rights. *Id*. at 29-30.

On June 6, 2005, Barlow filed a *pro se* motion to withdraw his guilty plea, in which he contended that his counsel was ineffective in the plea process. The District Court denied Barlow's motion, finding that his guilty plea was made knowingly and voluntarily.[1] The District Court then sentenced Barlow on June 30, 2005, to 180 months of imprisonment, which consisted of the statutory mandatory minimum sentence of 120 months at Count One and the mandatory consecutive sentence of 60 months at Count Two. This timely appeal followed.[2]

## II.

Contrary to the Government's argument that this appeal should be dismissed, in

---

[1] That ruling was not appealed.

[2] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

3

*United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007), we held that this court has subject matter jurisdiction to hear appeals concerning the effects of an appellate waiver. *Id*. at 203. However, if we are satisfied that Barlow knowingly and voluntarily waived his appellate rights, then we will not exercise our jurisdiction to review the merits of his appeal unless the result would work a miscarriage of justice. *See id.; see also United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (holding that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice").

Thus, we proceed to consider whether the record indicates that Barlow knowingly and voluntarily waived his appellate rights. The waiver of Barlow's right of appeal was set forth in both the plea agreement and the Acknowledgment of Rights form, both of which were signed by Barlow. Prior to accepting Barlow's plea, he was placed under oath and the District Court conducted an appropriately thorough inquiry to ensure that his plea was a knowing and voluntary waiver of rights as required by Fed.R.Crim.P. 11(b). During the plea colloquy, the District Court inquired whether Barlow understood that by pleading guilty he was waiving certain rights, including the right to appeal. Barlow confirmed that he understood this and the significance of his plea in other respects as well. The prosecution proceeded to review the terms of the plea agreement, including the appellate waiver provision. Thereafter, the District Court reiterated that under the agreement Barlow could only appeal if any one of the specifically enumerated exceptions

4

set forth in the appellate waiver provision occurred. Barlow affirmed that he understood. In light of the plea agreement, the Acknowledgment of Rights form and the plea colloquy, we are satisfied that Barlow's waiver of his right to appeal was knowing and voluntary.

Further, there is no error warranting the invalidation of Barlow's appellate waiver. In *Khattak*, we acknowledged that "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver," 273 F.3d at 562, but we declined to identify specific situations where a waiver of appeal provision may be found invalid. *Id*. at 563. Rather, in determining whether an error warrants invalidating an appellate waiver, we observed that consideration should be given to the following factors:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id*. (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1ˢᵗ Cir. 2001)). Barlow has not demonstrated that any of these factors indicate a miscarriage of justice has occurred in this case which would warrant invalidating his appellate waiver, and we have found none.

Further, although it is possible for there to be a miscarriage of justice when "plea proceedings [are] tainted by ineffective assistance of counsel," *Teeter*, 257 F.3d at 25 n. 9, we find no possible miscarriage of justice on that basis in the circumstances of this case. The plea agreement, which Barlow signed and acknowledged, stated that he was "satisfied with the legal representation provided by [his] lawyer." App. at 28. In

5

addition, he responded in the affirmative when asked by the District Court during the plea colloquy whether he was satisfied with his counsel's representation, and asserted that he had consulted with counsel before signing the plea agreement. App. at 72-73, 75.

III.

In light of Barlow's knowing and voluntary waiver of his appellate rights, and our conclusion that he has not shown a miscarriage of justice, we will enforce the appellate waiver, thereby affirming the District Court's judgment of sentence.[3]

---

[3]Although we do not reach the merits of Barlow's appeal in which he contends that the sentence was excessive and unreasonable, we do note that the District Court imposed the statutorily mandated minimum sentence at each of the two counts to which Barlow had pled guilty. He has not challenged the constitutionality of those statutes, so the sentence would stand in any event.