

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2008

# USA v. Hough

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hough" (2008). *2008 Decisions.* Paper 343.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/343

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3283
_____

UNITED STATES OF AMERICA

v.

DAVID A. HOUGH, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-00002)
District Judge:  Honorable David Stewart Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before:  FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 21, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Pursuant to a written plea agreement, David Hough pleaded guilty to one count of

knowingly receiving visual depictions of minors engaged in sexually explicit conduct, in

violation of 18 U.S.C. § 2252(a)(2).  The District Court sentenced Hough to sixty months'

incarceration, followed by five years of supervised release. Hough appeals his judgment of sentence. For the reasons set forth below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In June 2004, agents from the Federal Bureau of Investigation executed a search warrant at David Hough's residence and seized his computer and hard drive, which contained images of minors engaged in sexually explicit conduct. On January 3, 2007, a grand jury returned a two-count indictment, charging Hough in Count One with knowingly receiving visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and in Count Two with knowingly possessing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

Hough entered into a written plea agreement with the Government in which he agreed to plead guilty to Count One charging him with a violation of 18 U.S.C. § 2252(a)(2). The offense carried a statutory mandatory minimum sentence of five years' imprisonment; consequently, the Presentence Investigation Report calculated the federal Sentencing Guidelines recommendation, originally thirty-three to forty-one months, to be sixty months' imprisonment pursuant to U.S.S.G. § 5G1.1. Under the plea agreement, the

2

Government agreed to withdraw Count Two. Hough agreed to waive his right to appeal the District Court's sentence, except if the Government appealed from the sentence, the sentence exceeded the statutory limit as stated in the United States Code, or the sentence unreasonably exceeded the federal Sentencing Guidelines range.

At the District Court sentencing hearing, Hough did not contest the length of the statutory mandatory five-year minimum, but instead requested that the sentence be split between incarceration and home detention with electronic monitoring. The District Court sentenced Hough to sixty months' incarceration, followed by five years of supervised release. One of the conditions of the supervised release is that Hough is prohibited from associating with children under eighteen years of age, except where a responsible adult, approved by Hough's probation officer and aware of Hough's background and offense, is present. Hough did not object to this condition at the hearing.

Hough timely appealed the District Court's judgment of sentence.

## II.

The District Court had jurisdiction over Hough's case pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). This Court has subject matter jurisdiction over Hough's appeal, even though he agreed to an appellate waiver in his plea agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, we may refuse to exercise that jurisdiction upon a finding that

the appellate waiver is valid. *Id.* We make a de novo determination as to the validity of Hough's appellate waiver. *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008).

## III.

Hough raises two issues on appeal. First, he contends that the District Court erred in refusing to impose a sentence split between incarceration and home detention. While he does not contest that the statutory mandatory minimum for a violation of 18 U.S.C. § 2252(a)(2) is five years' imprisonment, he argues that the District Court erred by interpreting the statutory term "imprisoned" as referring exclusively to incarceration and not home detention. Second, Hough asserts that the District Court violated his constitutional right to procreate and associate with his children by imposing in Hough's supervised release terms a condition prohibiting him from having unsupervised visits with children under the age of eighteen. In response to Hough's arguments, the Government asserts that the appellate waiver provision in the plea agreement precludes Hough from raising these issues. Alternatively, the Government maintains Hough's claims are without merit. We conclude that the appellate waiver is valid and therefore do not reach the merits of Hough's claims.

This Court will find an appellate waiver to be valid "if entered into knowingly and voluntarily," provided that the resulting waiver does not "work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). We approach this determination in three steps. *See Jackson*, 523 F.3d at 243-44. First, we analyze whether

4

the defendant knowingly and voluntarily entered into the appellate waiver. *Id.* at 243. If so, our attention then turns to the scope of the appellate waiver, looking specifically at the applicability of any exceptions set forth in the waiver. *Id.* at 244. Finally, where the defendant has knowingly and voluntarily entered into the waiver and no enumerated exceptions allow the appeal, we examine whether invoking the waiver would result in a "miscarriage of justice." *Id.* Although this Court has chosen not to attach a specific definition to "miscarriage of justice," we have included several factors to guide our analysis. Prior to "relieving the defendant of the waiver," we consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)) (internal quotations omitted). With these analytical principles, we turn to Hough's appellate waiver.

First, Hough does not contest that he knowingly and voluntarily entered into the appellate waiver. Second, neither of the two issues Hough raises on appeal fall into one of the three exceptions to the appellate waiver. The waiver provision of the plea agreement allows Hough to directly appeal his conviction or sentence only if the Government first appeals the sentence, the sentence exceeds the statutory limit as indicated in the United States Code, or the sentence unreasonably exceeds the federal

5

Guidelines range. This appeal was initiated by Hough, not the Government; thus, the first exception is inapplicable. The remaining two exceptions pertain to Hough challenging the length of his sentence. Hough does not dispute the length of the statutory five-year mandatory minimum, but rather takes issue with the "manner" of serving that sentence since the District Court dismissed his request for home detention. Such an assertion does not fit into any waiver exception. Additionally, Hough's constitutional challenge to a term of his supervised release does not question the length of the District Court's sentence. Therefore, because Hough's sixty-month sentence of imprisonment does not exceed the statutory maximum of twenty years, nor does it unreasonably exceed the range provided in the federal Guidelines, none of the appellate waiver exceptions apply.

Finally, enforcing the waiver will not result in a miscarriage of justice. As for Hough's split-sentence argument, we do not find that the District Court's refusal to grant home detention in the face of a statutory mandatory five-year minimum amounts to one of those "unusual circumstance[s]" that would nullify an otherwise valid waiver. *Khattak*, 273 F.3d at 562. Regarding Hough's constitutional challenge to a condition of his supervised release, enforcing a waiver that results in the infringement upon one's constitutional rights certainly may amount to a miscarriage of justice. However, we do not construe the term of Hough's supervised release to bring about such harm.

Defendants convicted of crimes similar to Hough's may "lose custody of their children or have restrictions placed on their parental rights." *United States v. Loy*, 237

F.3d 251, 269 (3d Cir. 2001). Nevertheless, such interference with the familial relationship must be supported by evidence "that children are potentially in danger from their parents." *Id.* at 269-70. Where a sentencing court has not indicated that it intended a supervised release condition restricting a defendant's contact with children under eighteen to extend to that defendant's own children, we will interpret the condition as applying only to the children of others. *Id.* at 270. In this case, there is no indication that the District Court intended the supervised release condition to apply to Hough's own family, including any children he may have during his supervised release term. We will presume that the District Court intended the order to apply only to the minor children of other people. Accordingly, enforcing the appellate waiver will not result in a miscarriage of justice.

IV.

For the reasons discussed, we will affirm the judgment of the District Court.