

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2008

# USA v. Liu

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Liu" (2008). *2008 Decisions*. Paper 165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3401

———

UNITED STATES OF AMERICA

v.

CHANG SHAN LIU,

Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00355-2)
District Judge: Honorable Jerome B. Simandle

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2008

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit Judges.

(Filed December 3, 2008)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Chang Shan Liu appeals the District Court's July 31, 2007 Judgment of

Sentence. After pleading guilty to a charge of conspiring to violate the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), Liu was sentenced to 135 months' imprisonment and three years of supervised release. Because Liu executed a valid appellate waiver, we decline to exercise our jurisdiction to hear this appeal.

## I.

Because we write solely for the parties, we will address only those facts necessary to our opinion.

On May 10, 2005, a grand jury returned a 58-count indictment against 16 individuals, including Appellant Chang Shan Liu and his wife. The indictment arose out of an extensive conspiracy involving the illegal importation of counterfeit cigarettes and Viagra pills from China into the United States. According to the facts adduced at the plea hearing and contained in the Pre-Sentence Report, Liu and his wife were key players in the conspiracy and personally made arrangements with undercover law enforcement agents to import, store, transport, and deliver counterfeit cigarettes and Viagra pills to other members of the enterprise.

On December 12, 2006, Liu and the Government entered into a Plea Agreement in which Liu agreed to plead guilty to the first count of the Indictment, which charged him with RICO conspiracy. In return, the Government agreed to dismiss the remaining charges against Liu and all of the charges against Liu's wife. The agreement also included a mutual waiver of appeal, under which Liu waived the right to appeal the District Court's sentence if it fell "within or below the Guidelines range that results from

the agreed total Guidelines offense level of 33." The District Court ultimately imposed a sentence of 135 months' imprisonment, which is at the low end of the Guidelines range of 135 to 168 months.[1]

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) ("[T]his court retains subject matter jurisdiction over [an] appeal by a defendant who [has] signed an appellate waiver."). We review the validity of appellate waivers de novo. *See United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

In addressing the validity of an appellate waiver, this Court considers whether the waiver was knowing and voluntary, whether one of the specific exceptions set forth in the plea agreement prevents enforcement of the waiver, and whether enforcement of the waiver would work a "miscarriage of justice." *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008); *see also Khattak*, 273 F.3d at 563 ("Waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). Appellant bears the burden of establishing that the appellate waiver should not be

---

[1]This sentencing range corresponds to an Offense Level of 33 and a Criminal History Category of I.
.

enforced. *See Khattak*, 273 F.3d at 562-63. It is undisputed that the current action does not fall within one of the specific appellate waiver exceptions set forth in the plea agreement.

Liu does not dispute that he knowingly and voluntarily waived his right to appeal during the guilty plea proceeding. He argues, however, that the waiver was invalidated by the Government's failure to object to a statement made by the District Court to Liu at the end of the sentencing hearing:

> You are hereby advised that you have the right to appeal from this sentence[.] . . . If you're interested in appealing, speak to your attorney who will file a Notice of Appeal on your behalf if you ask him to do so. . . . If your plea contains a waiver of appeal, your attorney can advise you.

Sentencing Hr'g at 73, United States v. Liu, No. 05-cr-00355-2 (D.N.J. July 31, 2007). Neither the District Court's statement at sentencing nor the Government's failure to object to that statement invalidate the knowing and voluntary nature of Liu's plea waiver. The language of the plea agreement is "clear as to its purpose and effect" to bind Liu and the Government to its provisions. *See Gwinnett*, 483 F.3d at 203-04. During the plea hearing, the District Court, after confirming that Liu's attorney had explained the plea agreement to him, independently conducted a thorough review of the terms of the plea agreement, discussing the appellate waiver at some length. Liu informed the District Court that he fully understood the appellate waiver and its implications. That the District

4

Court later made reference to a general right to appeal does not change the fact that Liu knowingly and voluntarily waived that right, especially when the court explicitly told Liu that his attorney would advise him if an appellate waiver applied.

Having established that Liu's waiver of appeal was knowing and voluntary, we must now determine whether this case presents one of the "unusual circumstance[s]" where enforcement of the waiver would work a "miscarriage of justice." *See Khattak*, 273 F.3d at 562; *Gwinnett*, 483 F.3d at 203. As Liu's sole argument on appeal–that the District Court violated his due process rights during sentencing because it discussed his wife's misconduct–fails to establish any sentencing error at all, it is clear that enforcement of the appellate waiver would not work a miscarriage of justice.

During sentencing, Liu argued that a downward departure was warranted because he was responsible for the care of his disabled wife. The District Court evaluated this argument under U.S.S.G. § 5H1.6, which states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." The argument that the District Court, in evaluating whether Liu's circumstances warranted such a departure, violated due process when it considered Liu's wife's involvement in the counterfeiting scheme is entirely without merit. *See* U.S.S.G. § 5H1.6, p.s., comment. (n.1) ( "In determining whether a departure is warranted under this policy statement, the court shall consider . . . [t]he involvement in the offense, if any, of members of the defendant's family.").

Because Liu knowingly and voluntarily executed a valid appellate waiver and fails to establish that its enforcement would work a miscarriage of justice, this Court declines to exercise its jurisdiction to hear his appeal.  We affirm the District Court's judgment in all respects.