

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2009

# USA v. Fekos

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Fekos" (2009). *2009 Decisions.* Paper 1695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-3734 & 07-3735

UNITED STATES OF AMERICA

v.

CHRISTOPHER FEKOS,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-06-cr-00237-001 and 2-07-cr-00116-001)
District Judge:  Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2009

Before:  RENDELL, AMBRO, and JORDAN, *Circuit Judges*.

(Filed: March 25, 2009)

OPINION OF THE COURT

JORDAN, *Circuit Judge.*

Pursuant to a plea agreement, Christopher Fekos pled guilty to bank fraud, in

violation of 18 U.S.C. § 1344, money laundering, in violation of 18 U.S.C. § 1957(a), and

mail fraud, in violation of 18 U.S.C. § 1341.  He appeals his judgment of sentence,

arguing that the trial court erred in its calculation of the guidelines range under the United

States Sentencing Guidelines and in its holding that he waived his right to appeal an incorrect sentencing determination of his guidelines range. Because Fekos knowingly and voluntarily waived his appellate rights in his plea agreement, we will affirm.[1]

## I.  Background

For years, Fekos, a restauranteur and owner of a painting business, engaged in a pattern of criminal activity that included defrauding individuals and financial institutions through fraudulently obtained loans. Fekos's principal method of securing the loans was to make "misrepresentations and [submit] false documents that overstated assets and income and understated liabilities ... ." (Presentencing Report, at ¶. 14) Fekos repeatedly mortgaged his properties, and, when a lien on the property was discovered, he falsified documents that were purportedly sent from the lienholder bank claiming that there was no lien. Based on the fraudulent letters, several lenders approved loans to Fekos. In addition to defrauding lending institutions, Fekos defrauded several personal investors. He promised a percentage of profits from various fictitious businesses that he purported to own, in return for the investors' acquisition of mortgages and loans for Fekos's benefit. To induce the investments, Fekos again provided false earnings documents, tax filings, and other misrepresentations regarding his ownership of certain restaurants and businesses. While on bond for the first indictment, Fekos was indicted a second time for mail fraud.

---

[1] We affirm the Amended Judgment of Conviction and Sentence entered by the District Court on September 26, 2007.

As noted, Fekos pled guilty to bank fraud and mail fraud. As part of the plea agreement, and with limited exceptions, he waived his right to take a direct appeal from his conviction and sentence. In particular, the plea agreement provided in paragraph 5:

> Christopher Fekos waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
>
> > (a) If the United States appeals from the sentence, Fekos may take a direct appeal from the sentence.
> > (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Christopher Fekos may take a direct appeal from the sentence.
>
> Christopher Fekos further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

(App. at 63-64.)

In Fekos's Presentencing Report, the Probation Office calculated his offense level as thirty-two, and his criminal history category as one, resulting in a sentencing range of 121 to 151 months imprisonment. The government filed two objections to the Probation Office's guidelines calculation. First, it argued that the Probation Office failed to apply the money laundering enhancement, and, second, it argued that the Probation Office failed to apply the enhancement for committing an offense while on bond. The District Court sustained the government's objections and increased the offense level to thirty-six, which included a one point increase for the money laundering enhancement and a three

3

point increase for committing an offense while on bond.

## II.    Discussion

The District Court had jurisdiction under 18 U.S.C. § 3231. On appeal, we have subject matter jurisdiction pursuant to 28 U.S.C. § 1291, but we decline to exercise it to review the merits because the "criminal defendant has effectively waived his appellate rights in an enforceable plea agreement." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

A waiver of a right to appeal is enforced if it is entered into knowingly and voluntarily and does not result in a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). "We strictly construe the language of the waiver, but if we find the waiver applies by its terms, it is the defendant's burden to show the waiver should not be enforced." *Id*. If the defendant fails to meet his burden, the Sentencing Order will be affirmed without review of the merits. *Id.* Waivers of appellate rights are reviewed *de novo*. *Khattak*, 273 F.3d at 560.

Fekos argues that he did not waive his right to appeal an incorrect determination of his guidelines range. However, his plea agreement contained an appellate waiver in which he agreed to waive the right to take direct appeal of his conviction or sentence, unless (1) the government appealed the sentence, (2) the sentence exceeded the statutory limit set forth in the U.S. Code, or (3) the sentence unreasonably exceeded the guidelines range. None of these exceptions applies.

At the plea colloquy, Fekos was represented by counsel, and he was thoroughly

4

questioned by the Judge to ensure that he understood the plea agreement and that he was waiving his right to appeal. Fekos testified that he had read and discussed the Plea Agreement with his counsel and that he understood it. The Assistant United States Attorney then read the plea agreement in open court and Fekos again acknowledged that he understood its contents and that he was waiving the right to take a direct appeal of his conviction or sentence. The Judge advised Fekos that the sentence could be more or less than the guidelines range, depending on the pre-sentencing report. The Judge again asked Fekos if he understood the terms of the agreement and waiver, and explained that even if the sentence was more severe than expected, Fekos would have no right to withdraw his guilty plea. Fekos responded in the affirmative and the Judge confirmed that Fekos entered into the plea agreement knowingly, voluntarily and intelligently. Fekos's waiver was valid.

Where a waiver is valid the court can only reach the merits of the defendant's sentencing argument if the waiver would result in a miscarriage of justice. *Khattak*, 273 F.3d at 562. Fekos argues that enforcing the waiver is a miscarriage of justice because the court erred in calculating the sentencing enhancements and therefore "the Court's error resulted in a substantially harsher sentence than Appellant should have received." (Appellant Br. at 17.) That argument has no merit; indeed, it would result in an exception undermining the entire agreement. If any dispute over the applicability of enhancements could void the waiver, the careful language of the contract, with its limited exceptions, would have little meaning. The District Court put Fekos on notice that his sentence could

be more severe than he expected when he pled guilty and told him that he was waiving his right to appeal such a sentence. The guidelines range for offense level thirty-six is 188 to 235 months and Fekos received a 200-month sentence. The sentence he received was not outside the guidelines range selected by the District Court and it was not a miscarriage of justice.[2]

## III.    Conclusion

Because Fekos effectively waived his right to appeal, we will affirm the sentence.[3]

---

[2]We note that there is a 37 month difference between the 151 month high-end of the guidelines range at level 32, the offense level calculated by the Probation Office, and the 188 month low-end at level 36, the offense level applied by the District Court. However, even if that difference could be said to result in a "substantially harsher sentence," that is of no consequence to the waiver because the plea agreement says that the "guideline range determined by the Court" is the operative range. (App. at 63.)

[3]Although we conclude that the defendant effectively waived his right to appeal, in light of the amendment to the Third Circuit Local Appellate Rule 27.4 and Third Circuit Internal Operating Procedure 10.6, we reiterate that in the future the government should seek enforcement of such a waiver before there has been briefing on the merits.