

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# USA v. Gwinnett

Precedential or Non-Precedential: Precedential

Docket No. 06-1766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gwinnett" (2007). *2007 Decisions*. Paper 1153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1766

_____

UNITED STATES OF AMERICA

v.

ANGELICA GWINNETT,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00638-1)
District Judge: Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and
BRODY,* District Judge

(Filed:  April 26, 2007)

_____

Chester M. Keller
Office of Federal Public Defender
Newark, N.J.  07102

     Attorney for Appellant

_____

     * Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

George S. Leone
Julia S. Epstein
Office of United States Attorney
Newark, N.J. 07102

Attorneys for Appellee

———

OPINION OF THE COURT

———

SLOVITER, Circuit Judge.

Appellant Angelica Gwinnett appeals from the District Court's order sentencing her to thirty months' imprisonment following her guilty plea. She argues that the District Court failed to consider all the factors set forth in 18 U.S.C. § 3553(a) and failed to address the legitimate grounds for mitigation raised by the defense. The Government responds that we must dismiss Gwinnett's appeal for lack of jurisdiction because Gwinnett waived her right to appeal. We must first consider our jurisdiction over this appeal in light of Gwinnett's waiver.

I.

Gwinnett, a trained accountant who purported to run an accounts receivable business under the name U.S. Funding Corporation, falsely represented its assets to investors and, according to the Government, caused those investors losses amounting to approximately $2,500,000. At the same time, she used the receipts for personal purposes but failed to file income tax returns for 2001 and 2002. She was indicted on fourteen counts charging wire fraud, mail fraud, obstruction of justice, and social security fraud. Following negotiations with the Government, she entered into a plea agreement pursuant to which she pled guilty on November 15, 2004 to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of attempting to evade federal income taxes for 2001 in violation of 26 U.S.C. § 7201. Following a sentencing hearing on January 30, 2006, Gwinnett was sentenced to the custody of the United

States Bureau of Prisons for a term of 30 months.  Gwinnett filed a timely appeal.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  In her statement of subject matter and appellate jurisdiction, Gwinnett states that this court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  In its brief, the Government counters that "[t]his Court does not have jurisdiction, even though the judgment is a final order under 28 U.S.C. § 1291, because . . . Gwinnett waived her right to appeal in her plea agreement under Fed. R. Crim. P. 11(c)(1)(C), which also restricted her appellate rights under 18 U.S.C. § 3742(a)."  (Gov't's Br. at 1.)  It is important that we stop to consider this issue because the Government has repeated this contention in appeals before this court and others.[1]

We first considered the validity of a waiver of appealability provision in a guilty-plea agreement in our decision in United States v. Khattak, 273 F.3d 557 (3d Cir. 2001).  Khattak had been charged with conspiring to possess with intent to distribute and to import heroin.  Id. at 559.  The plea agreement provided, inter alia, that Khattak would plead guilty to conspiracy to import heroin and the Government would dismiss the charge of conspiracy with intent to distribute.  Id. Khattak waived his right to file an appeal, a collateral attack, or any challenge to the determination of the offense level if the total offense level determined by the court was equal to or less than the stipulated offense level.  Id.  The District Court questioned Khattak closely as to his understanding of the plea agreement and the waiver, and then proceeded to sentence Khattak, after departing downward.  Id. at 560.  Khattak then appealed, contending that waiver-of-appeals provisions are void

---

[1] For example, in United States v. Mason, 343 F.3d 893, 893 (7th Cir. 2003), the Seventh Circuit explained, "Although he has not yet filed his opening brief, the government has moved to dismiss the appeal, arguing that we lack jurisdiction because Mason waived his appeal rights as part of a plea agreement.  (In fact a waiver of appeal rights does not deprive us of our appellate jurisdiction, although it is a ground for dismissing the appeal.)"

3

as contrary to public policy.  Id.

We declined to address the merits of Khattak's appeal. Id.  Instead, we noted that ten other Courts of Appeals had found waivers of appeals generally permissible and enforceable, rejected Khattak's argument that the waiver of appellate rights in criminal cases contravenes public policy, and concluded that Khattak had plainly waived his right to appeal.  Id. at 560-63. We then stated we would enforce Khattak's waiver of his right to appeal.

Finally, in the sentence that has given rise to some question, we stated, "Therefore, we have no jurisdiction to consider the merits of his appeal of the denial of the minor-role adjustment.  See [231 F.3d] at 711."  The latter citation was to the decision of the Tenth Circuit in United States v. Rubio, 231 F.3d 709 (10th Cir. 2000).  Significantly, however, we did not dismiss the appeal, as we do when we conclude we have no jurisdiction.  Instead, we affirmed the judgment of the district court.  Khattak, 273 F.3d at 563.

The court in Rubio did indeed state that because the defendant in that case had knowingly and voluntarily waived his right to appeal, "the waiver effectively deprives us of jurisdiction."  Rubio, 231 F.3d at 711.  That statement, however, has not gone unchallenged, even in the Tenth Circuit.  In United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc), the Government had argued "that the entry of an enforceable appellate waiver renders this case moot, thus leaving us without the requisite case or controversy necessary for subject matter jurisdiction under Article III of the Federal Constitution."  Id. at 1322.  The court emphatically rejected that suggestion, stating that "[r]egardless of the phrase employed, this case is not moot because we have the power to grant a legally cognizable remedy requested by a party - namely, voiding the plea agreement."  Id. at 1323. Moreover, in language directly on point, the Court stated:

> Therefore, we hold that this Court has both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights

4

in an enforceable plea agreement. To the extent that *United States v. Rubio*, 231 F.3d 709, 711 & n. 1 (10th Cir. 2000), is inconsistent with this holding, we overrule it.

Id. at 1324.

The Court of Appeals for the Sixth Circuit recently confronted a similar issue to the one presented here, i.e., the effect of an appellate waiver on the jurisdiction of the appellate court. In United States v. Caruthers, 458 F.3d 459 (6th Cir. 2006), Caruthers argued that his sentence exceeded the statutory maximum for his conviction. Id. at 470. The Government in turn argued that Caruthers had waived the right to appeal his sentence. Id. The court acknowledged that in a prior case it had said that a valid appellate waiver leaves it without jurisdiction to hear a sentencing appeal, citing United States v. McGilvery, 403 F.3d 361, 362-63 (6th Cir. 2005). Caruthers, 458 F.3d at 472 n.6. In Caruthers, it back tracked from that statement, saying "[t]here are several reasons . . . to read *McGilvery* for less than all it might be worth." Id. It noted that both before and after McGilvery, it had affirmed sentences challenged by defendants who had validly waived their appeals. Id. It continued, "[b]y affirming rather than dismissing the appeals, we necessarily exercised jurisdiction in these cases, suggesting that an appellate waiver does *not* divest this court of jurisdiction. To the extent that *McGilvery* conflicts with the earlier decisions, we are bound by the prior cases." Id.

The Caruthers court approvingly cited the Tenth Circuit's opinion in Hahn (discussed above) as having "articulated powerful reasons for concluding that even when defendants validly waive their appeals, the courts of appeal do indeed have jurisdiction under both the relevant statutes (28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1)) and Article III. *See Hahn*, 359 F.3d at 1320-24." Caruthers, 458 F.3d at 473 n.6. Finally, the Caruthers court noted the admonishment by the Supreme Court of the United States that courts not be cavalier in their use of the term "jurisdictional." Id. (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). We agree.

5

We therefore conclude that notwithstanding the statement in <u>Khattak</u>, this court retains subject matter jurisdiction over the appeal by a defendant who had signed an appellate waiver. It could not be otherwise. After all, "a sentence based on constitutionally impermissible criteria, such as race, or a sentence in excess of the statutory maximum sentence for the defendant's crime, can be challenged on appeal even if the defendant executed a blanket waiver of his appeal rights." <u>United States v. Bownes</u>, 405 F.3d 634, 637 (7th Cir. 2005) (internal citations omitted). It follows that we have subject matter jurisdiction over Gwinnett's appeal notwithstanding her waiver of appeal. Nonetheless, we will not exercise that jurisdiction to review the merits of Gwinnett's appeal if we conclude that she knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice.

II.

We proceed to consider whether there is record evidence that Gwinnett knowingly and voluntarily signed the waiver. The language of the plea agreement into which Gwinnett entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure is clear as to its purpose and effect to bind Gwinnett, the Government and the court to its provisions, including the sentence. It also includes a mutual waiver of appellate rights. The plea agreement provided:

> As set forth in Schedule A, this Office and Ms. Gwinnett waive certain rights to file an appeal, collateral attack, and writ or motion after sentencing, including but not limited to an appeal under 28 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level or its adoption of any of the binding stipulations in Schedule A.

App. at 29.

Schedule A provides, inter alia:

Both parties waive the right to file an appeal, collateral

6

attack, writ, or motion claiming that the sentencing court erred in adopting the binding stipulations in this agreement.  Ms. Gwinnett knows that she has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level of 19.  To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.

App. at 33-34.  The written waiver is comprehensive.

We next look to the colloquy between the sentencing judge and Gwinnett during the Rule 11 hearing.  See Khattak, 273 F.3d at 563 ("In determining whether a waiver of appeal is 'knowing and voluntary,' the role of the sentencing judge is critical.")  Rule 11 provides:

(b)(1) Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court.  During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
. . . .
(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

During the Rule 11 hearing the District Court asked Gwinnett whether she read the plea agreement, discussed it with her attorney, asked her attorney questions about the agreement, and came to understand the agreement before signing it.  Gwinnett answered in the affirmative to each question.  The court also asked Gwinnett whether she, at this time, had any questions for her attorney or the judge concerning the plea agreement.  Gwinnett said that she did not.  In addition, the District Court confirmed that Gwinnett had signed the plea agreement.

7

The District Court referred to the waiver in the context of a discussion concerning the effect that <u>United States v. Booker</u>, 543 U.S. 220 (2005) (pending before the Supreme Court at the time of the Rule 11 hearing) might have on Gwinnett's right to appeal her sentence. The court stated:

> Well after you have been sentenced, presumably you give[ ] [sic] up your right to appeal, but I understand what you are saying. I just don't want you to be in a position to believe that if you read a headline in the next couple of months before I sentence you that for – all of a sudden we are starting all over again. We are accepting the guidelines as binding in this particular case, understood?

App. at 67. Gwinnett answered "Yes." <u>Id.</u> At the conclusion of the Rule 11 hearing the District Court stated:

> I make the following findings. I find that Ms. Gwinnett is fully competent and capable of entering an informed plea. She is aware of the nature of the charges and the consequences of the plea. I find that Ms. Gwinnett's plea of guilty is a knowing and voluntary plea that is supported by an independent basis in fact contained in each of the essential elements of the offense.

App. at 85-86. Furthermore, Gwinnett was present when the District Court, was in dialog with her attorney, referred to the "conditional waiver of appeal" on several occasions during the sentencing hearing. App. at 124, 125, 161, 178, & 190.

Significantly, Gwinnett concedes that her appellate waiver was entered knowingly and voluntarily. We are satisfied that it was. However, Gwinnett contends that the scope of her appellate waiver is narrow and that it does not encompass the issue raised in this appeal. More specifically, Gwinnett contends that unlike the appellate waiver, which focuses on the calculation of the applicable guideline range and prohibits any challenges to that calculation or imposition, this appeal concerns the reasonableness of the ultimate sentence imposed by the District Court.

The Government counters that Gwinnett's argument is flawed because once accepted by a court, a Rule 11(c)(1)(C) plea agreement deprives the sentencing court of the ability to impose a sentence other than the one agreed upon by the parties in the stipulation. In this case, the parties agreed to a negotiated offense level of 19, and the District Court, taking into account her offense level total and her criminal history category, sentenced Gwinnett to the lowest possible sentence within that Guidelines Range - 30 months. Although the District Court could have been clearer when discussing the possible effect of the forthcoming decision in <u>Booker</u>, the waiver remains effective. To the extent that Gwinnett argues her plea agreement only required the District Court to use the base offense level of 19 (i.e., did not require imposition or the corresponding sentence), we believe that when Gwinnett signed the plea agreement—before the <u>Booker</u> decision issued—there was no ambiguity as to the particular sentence that a base offense level of 19 would yield. As the Government notes, Gwinnett waived her right to file an appeal, "claiming that the sentencing court erred in adopting the binding stipulations in this agreement." App. at 34. We follow our precedent requiring adherence to that waiver.

In <u>Khattak</u>, 273 F.3d at 563, we explained that "[w]aivers of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice." A few years later, in <u>United States v. Lockett</u>, 406 F.3d 207, 212 (3d Cir. 2005), we were presented with a defendant who argued that the sentence he received after his plea agreement was inconsistent with the Supreme Court's recently issued decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Our rejection of that argument in <u>Lockett</u> is dispositive of Gwinnett's argument that the plea agreement did not foreclose Gwinnett from arguing that post-<u>Booker</u> the District Court must now consider the § 3553(a) factors. In <u>Lockett</u>, we held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of *Booker*." <u>Lockett</u>, 406 F.3d at 214; <u>see also</u> <u>Bownes</u>, 405 F.3d at 637.

In this case, Gwinnett concedes that her appellate waiver

9

was entered knowingly and voluntarily, and she has failed to establish that enforcing the waiver will result in manifest injustice.  Furthermore, in her plea agreement Gwinnett expressly agreed to be bound by the Guidelines in this case, and the District Court explained that she would not be permitted to revisit the issue notwithstanding any cases that may follow the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  Accordingly, we conclude that Gwinnett waived her right to the present appeal and do not reach the merits of her remaining claims.

III.

For the reasons stated above, we will affirm the judgment of the District Court.

_____