

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2008

# USA v. Thompson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Thompson" (2008). *2008 Decisions*. Paper 820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4501
_____

UNITED STATES OF AMERICA

v.

JAISON CEATRIX THOMPSON
a/k/a Victor Levi Rhodes, Jr.


JAISON CEATRIX THOMPSON,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00042E)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before:  FISHER, JORDAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: July 22, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Following the District Court's denial of defendant Jaison Thompson's motion to suppress evidence, Thompson pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(iii). The District Court imposed a sentence of 210 months' imprisonment and a four-year term of supervised release. Thompson appeals the denial of his motion to suppress and his sentence. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2005, Pennsylvania state parole officer William Wehrle was recruited to assist in the apprehension of Jermaine Phillips, a parole violator. Wehrle obtained a copy of a "wanted" poster with Phillips' photo and received information from confidential informants that Phillips was operating a red vehicle, whose license plate the informants identified. On April 19, 2005, Wehrle conducted surveillance of the red vehicle and observed a male, whom he believed to be Phillips, approach the vehicle and drive away. Wehrle contacted the local police department, which stopped the vehicle at his request. Wehrle approached the vehicle and asked the driver for identification. The driver provided a fictitious name and a false Virginia state identification card. The driver was

unable to provide a specific home address and declined to provide his birth date. During the questioning, Wehrle and the police officers realized that the driver was not the individual whom they sought. The police officers arrested the driver based on probable cause to believe that he had provided false identification and was driving without a license. The officers later identified the driver as Thompson.

While on the scene, the officers contacted the actual owner of the vehicle who consented to its search. The officers discovered 6.2 grams of crack cocaine and 24.7 grams of powder cocaine. Thompson was charged with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(iii). Thompson originally pleaded not guilty to the charge and filed a motion to suppress the evidence discovered in the vehicle on the grounds that the search and seizure was unconstitutional. Following a suppression hearing, the District Court denied Thompson's motion, finding that Wehrle justifiably stopped Thompson after a reasonable mistake of identity and that, after they realized their mistake, the officers properly detained Thompson due to a reasonable suspicion of other criminal activity.

After the denial of Thompson's motion to suppress, he changed his plea to guilty pursuant to a plea agreement with the government in which he waived his right to appeal, subject to three exceptions:

> (a) If the United States appeals from the sentence, JAISON CEATRIX THOMPSON may take a direct appeal from the sentence.

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, JAISON CEATRIX THOMPSON may take a direct appeal from the sentence.

(c) As a condition of his guilty plea, JAISON CEATRIX THOMPSON may take a direct appeal from his conviction limited to the following issue: whether his motion to suppress evidence was properly denied. If JAISON CEATRIX THOMPSON takes a direct appeal raising this issue and prevails in the appeal, he may withdraw his plea of guilty. If he does not take a direct appeal or does not prevail in the appeal, the plea of guilty shall stand.

In return, the government agreed to recommend a two-point reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The District Court conducted a plea colloquy, and it accepted his plea, finding that it was made knowingly and voluntarily.

At Thompson's sentencing hearing, the government recommended a two-point reduction for acceptance of responsibility, as per the plea agreement. Thompson requested that the government recommend an additional one-point reduction in offense level for timely notice of intention to plead guilty pursuant to U.S.S.G. § 3E.1(b). The District Court accepted the government's recommended two-point reduction for acceptance of responsibility, but denied Thompson's request for the additional one-point reduction. The District Court then calculated an advisory sentencing Guidelines range of 210 to 262 months. The District Court sentenced Thompson to the minimum Guidelines term of 210 months' imprisonment with four years of supervised release. This timely appeal followed.

4

II.

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1291. "We review the denial of the motion to suppress for clear error as to the underlying factual determinations and exercise plenary review of the application of the law to those facts." *United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006). We retain jurisdiction over an appeal, even where, as here, the defendant waived his right to appeal his sentence.[1] *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, "we will not exercise that jurisdiction to review the merits of [the defendant's] appeal if we conclude that [he] knowingly and voluntarily waived h[is] right to an appeal unless the result would work a miscarriage of justice." *Id.*

A.

Thompson first challenges the denial of his motion to suppress, asserting that the government failed to demonstrate that its search and seizure of evidence was constitutional under the Fourth Amendment. Thompson argues that his initial detention was unreasonable, primarily due to dissimilarities in appearance between himself and the individual sought. However, the mistaken arrest of another party does not necessarily entail a Fourth Amendment violation. "When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest

---

[1]As previously noted, Thompson preserved his right to appeal the denial of his motion to suppress under the terms of his plea agreement.

of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971). The reasonableness of the mistaken arrest of another party is "determined by considering the totality of the circumstances surrounding the arrest." *United States v. Glover*, 725 F.2d 120, 122 (D.C. Cir. 1984). The District Court found that Wehrle obtained information, from confidential informants, that the individual sought operated the vehicle in which Thompson was arrested, that these informants had provided reliable information in the past, and that Thompson's physical appearance was sufficiently similar to the individual on the "wanted" poster. The District Court has not clearly erred with respect to these underlying factual determinations, and we hold that Wehrle's initial detention of Thompson was reasonable under the totality of the circumstances.

Thompson next argues that the officers were obligated to release him once they suspected that he was not the individual sought, and that the evidence seized should therefore be suppressed as the fruit of an unlawful detention. The Supreme Court has stated that when an "officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The District Court found that Thompson presented false identification to the officers, and that the officers observed that his behavior was elusive and suspicious, all prior to the officers' realization that they had mistakenly detained the wrong individual. The District Court did not clearly err with respect to these factual findings,

and we therefore conclude that the District Court properly denied Thompson's motion to suppress.

B.

Thompson also challenges his sentence on appeal, specifically, the District Court's decision not to grant him an additional one-point reduction in offense level for timely notice of intention to plead guilty. Since Thompson reserved the right to appeal his sentence only if the sentence unreasonably exceeded the advisory Guidelines range determined by the court, we will only review the merits of Thompson's claim if his plea was not knowingly and voluntarily made or if its enforcement would work a miscarriage of justice. *Gwinnett*, 483 F.3d at 203.

For a plea agreement to be knowing and voluntary it must meet the statutory requirements of Federal Rule of Criminal Procedure 11. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Rule 11(b) provides:

> (1) Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
> . . .
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

A review of the plea colloquy establishes that the District Court properly questioned Thompson and took affirmative steps to ensure that his plea was knowing and voluntary. Specifically, Thompson testified that he had read the terms of the plea agreement, that he

7

had discussed them with his attorney, that he agreed to all of the terms, and that he understood that the agreement limited his right to appeal. Thompson's plea was thus knowing and voluntary.

We will next consider whether enforcing Thompson's appellate waiver would result in a miscarriage of justice. *See Khattak*, 273 F.3d at 563. Factors that ought to be considered in this regard include:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.* (internal quotation marks and citation omitted). The District Court found that Thompson was not entitled to an additional one-point reduction for timely notification of intention to plead guilty because the work effort involved in litigating the suppression hearing was consistent with or similar to the effort that would have been required in preparing for trial. This determination was not clearly erroneous. Furthermore, any error would not have been sufficiently grave as to result in a miscarriage of justice. As Thompson has failed to demonstrate that enforcement of the appellate waiver would result in a miscarriage of justice, we decline to exercise jurisdiction over his appeal with respect to his sentence.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

8