

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2009

# USA v. Whitner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Whitner" (2009). *2009 Decisions.* Paper 1971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4785

UNITED STATES OF AMERICA

v.

REGIE EDWARD WHITNER,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 07-cr-00190)
District Judge:  The Honorable Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2009

Before: SLOVITER, BARRY, and SILER, JR.,[*] Circuit Judges

(Opinion Filed: January 29, 2009)

OPINION

---

[*]  The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Regie Whitner appeals his sentence of 235 months' imprisonment for conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Whitner argues that his sentence is unreasonable because the District Court mechanically applied the guideline range calculated in his Presentence Investigative Report ("PSR") without due consideration of the other sentencing factors outlined in 18 U.S.C. § 3553(a).

The government contends that Whitner's argument must fail because (1) the within-guidelines sentence was reasonable, and (2) Whitner waived his right to appeal his sentence in his plea agreement subject to several inapplicable exceptions. Relying on the latter contention, we will affirm.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, "we will not exercise that jurisdiction to review the merits of [a defendant's] appeal if we conclude that []he knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.*

Whitner does not reference his waiver of appeal in his appellate brief. It is, however, contained in the plea agreement, which is included in the Supplemental Appendix submitted by the government. (S.A. 26-30.) Section A.5 of the plea agreement states:

Regie Edward Whitner waives the right to take a direct appeal from his conviction or sentence . . . subject to the following exceptions:

(a) If the United States appeals from the sentence . . . .

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines . . . .

(S.A. 27.) None of the exceptions apply here: the government has not appealed, Whitner's sentence does not exceed the statutory maximum of life, and the sentence imposed falls within the guideline range of 235-293 months determined by the District Court.[1]

As noted above, we must ensure that Whitner entered into the waiver knowingly and voluntarily, and that enforcement of the waiver would not work a miscarriage of justice. *Gwinnett*, 483 F.3d at 203; *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). At the change of plea hearing, Whitner appeared in open court, heard a recitation of the content and scope of his plea agreement, including the appellate waiver (S.A. 12), and acknowledged that it accurately described the agreement he had reached with the government (S.A. 14). The District Court then specifically asked Whitner

---

[1] We note that the District Court applied a downward departure of one criminal history category pursuant to U.S.S.G. § 4A1.3(b)(1) based on its conclusion that the recommended criminal history category of VI overstated the seriousness of two of Whitner's prior convictions for relatively minor drug offenses. (*See* A. 7, 10, 33.) This reduced the guideline range from 262-327 months, as recommended in the PSR, to 235-293 months. Whitner argues that, even with this reduction, the guideline range overstated his criminal history.

3

whether he understood that he was waiving his right to appeal subject to the exceptions stated above. (S.A. 16.) Whitner responded affirmatively. (S.A. 16-17.) The District Court thereafter accepted the plea, finding that it was "knowing and voluntary." (S.A. 23.)

In light of the foregoing, and Whitner not contending that his waiver was otherwise unenforceable, we will affirm the judgment of the District Court.