

Villanova University School of Law

**2009 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

6-1-2009

# USA v. Solomon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1938

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Solomon" (2009). *2009 Decisions.* Paper 1264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 07-1937 and 07-1938

_____

UNITED STATES OF AMERICA

v.

WANDA SOLOMON

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 05-cr-00350-2 and 05-cr-00385-3)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2009

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Filed on: June 01, 2009 )

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant, Wanda Solomon, was indicted in two separate indictments. The first indictment charged her with conspiracy to distribute crack cocaine, a violation of 21 U.S.C. § 846 from August 2004 until August 2005. Count One of the superceding indictment charged her with conspiracy to distribute 5 kilograms or more of cocaine from 1999 until November, 2005, in violation of 21 U.S.C. § 846. Solomon entered into a plea agreement with the Government, whereby she agreed to plead guilty to one count of drug conspiracy from each indictment.

The plea agreement included a broad appeal-waiver provision precluding Solomon from appealing her conviction or sentence unless the Government appealed or the sentence exceeded the statutory limits or unreasonably exceeded the Guidelines range. Before sentencing, Solomon filed a motion to withdraw her guilty plea, which was directed to the count in the superceding indictment. The District Court denied the motion and sentenced her to 240 months' incarceration, a $100 special assessment, and five years' supervised release. On appeal, Solomon argues that the District Court should have granted her motion to withdraw her guilty plea, and also that her sentence was unreasonable. We will affirm.

It is well-established law that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement. An appeal of a denial of a motion to withdraw a guilty plea constitutes a challenge to a defendant's conviction that falls within the plain language of an appellate waiver provision. We find her waiver of

2

appellate rights enforceable. The language of the plea agreement is clear as to its purpose and effect. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Solomon did not enter a conditional plea pursuant to FED.R.CRIM.P. 11(a)(2) nor did she identify any issues she wanted preserved for appeal. Solomon signed the agreement, acknowledging that she had fully discussed it with her attorney. Solomon does not contend that her appellate waiver was unknowing or involuntary or that it works a miscarriage of justice. Indeed, her appellate brief is silent on the matter of appellate waiver. Additionally, the District Court's colloquy on the appellate waiver was a model of compliance with the requirements of FED.R.CRIM.P. 11 and reflects the District Judge's conscientious effort to ensure that the waiver was knowing and voluntary. The District Court explained that Solomon was giving up substantial appellate rights in the plea agreement, and Solomon confirmed that she understood the effect of the appellate waiver provision.

Furthermore, even when we review the merits, we conclude that Solomon has not established that the District Court abused its discretion in denying her motion to withdraw her guilty plea. A district court considers three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts her innocence; (2) the strength of the defendant's reasons for withdrawing her plea; and (3) whether the government would be prejudiced by the withdrawal. The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea.

3

The District Court did not abuse its discretion here. As to the first factor, Solomon's claim of innocence is primarily based on her not knowing one of the co-conspirators until after the conspiracy began. As the District Court acknowledged, Solomon's partial lack of familiarity with a co-conspirator is of no legal significance. The law allows one to be convicted of conspiracy upon evidence that she knew the essential nature of the illicit plan and her connections with it, without requiring evidence that she knew all its details or all the participants therein.

Turning to the second factor, Solomon argues that her counsel was deficient. The District Court concluded that her allegation is without merit. Ineffective assistance of counsel claims are not generally entertained on direct appeal. Nevertheless, the record does reflect that Solomon acknowledged during the plea colloquy that she was satisfied with her counsel's performance and that she understood the charges and the facts leading to them. Moreover, Solomon has not pointed to anything but her own post-hoc, self-serving statements to undermine the District Court's decision to reject her attack on counsel.

Accordingly, we will enforce the waiver and will affirm the judgment of the District Court.