OPINION OF THE COURT
RENDELL, Circuit Judge.
Keith Scutching challenges his sentence of 63 months’ imprisonment — a term within the applicable Guidelines range of 63 to 78 months — -arguing that the District Court failed meaningfully to consider his personal history and characteristics, as required under 18 U.S.C. § 3553(a)(1). In a written guilty plea, Scutching waived his right to appeal the sentence imposed.[1] *827 Supplemental Appendix (“SA”) 6-7. Accordingly, the government asks the Court to affirm the sentence imposed, without reaching the merits of Scutehing’s challenge.
Where the government invokes an appellate waiver as a bar to our review, a defendant “must raise any challenge to the waiver’s enforceability.” United States v. Goodson, 544 F.3d 529, 536 (3d Cir.2008); see also United States v. Miliano, 480 F.3d 605, 608 (1st Cir.2007). Scutching does not contest the validity of the waiver, which we independently conclude is enforceable here.
Accordingly, we will AFFIRM the Judgment and Commitment Order of the District Court.

. The plea agreement provides in pertinent part:
10. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived....
b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
(1) the defendant’s sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;
(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
(3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), imposed an *827 unreasonable sentence above the final Sentencing Guideline range determined, by the Court.
S.A. 6-7 (emphasis added). None of these exclusions apply here, as the sentence imposed was within the applicable Guidelines range, and Scutching's challenge to his sentence under § 3553(a) does not implicate a “constitutional claim[] that the relevant case law holds cannot be waived.” S.A. 6; see also United States v. Gwinnett, 483 F.3d 200, 205-06 (3d Cir.2007).