NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1156
_____

UNITED STATES OF AMERICA

v.

RASHAWN EUGENE BOLTON, a/k/a Shawn Jeter

Rashawn Eugene Bolton, Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00074-001)
District Judge:  The Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2010

BEFORE:  HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges.

(Filed: November 19, 2010)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because this opinion is wholly without precedential value we write briefly for the benefit of the parties, presuming their familiarity with the facts and procedural history of this case. Bolton pleaded guilty to distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The District Court sentenced him to sixty months of imprisonment, three years of supervised release, and a special assessment of $100. We will dismiss Bolton's appeal of the sentence.

Bolton pleaded guilty to one count of the three-count indictment. Under the terms of the plea agreement, absent a government appeal, Bolton waived his right to appeal the sentence unless: "the sentence exceeds the applicable statutory limits set forth in the United States Code," or "the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines." Plea Agreement 3, ECF No. 30. As a result of his plea, the government agreed: that it would dismiss the other two counts of the indictment; that the amount of cocaine base involved was at least 50 grams, but less than 150 grams; and, that the conditions of 18 U.S.C. § 3553(f) (the safety valve) were met.

The Sentencing Guidelines range for Bolton's offense was between fifty-seven and seventy-one months of imprisonment. The statutory minimum was ten years of imprisonment. Therefore, the sixty-month sentence that Bolton received was well below the mandatory term—due to the safety valve provision—and at the low end of the Guidelines range calculated by the District Court. It is clear that the conditions of Bolton's plea agreement permitting him to appeal have not been satisfied. As a result, the focus of our review is upon the threshold issue of the validity of his appellate waiver.

2

Where a person knowingly and voluntarily waives his right to appeal, we generally do not exercise our jurisdiction to review the merits of the appeal "unless the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Our review of the record reveals that the District Court took great care to ensure, on the record, that Bolton was fully cognizant, both, of his right to appeal and of the fact that he was agreeing to give up this right. He affirmatively acknowledged that he comprehended the right and the waiver. Moreover, the District Court's colloquy included an examination of the voluntariness of his consent to the agreement. It correctly concluded that Bolton acted on his own volition. We also note that Bolton's competence to plead guilty and to understand the agreement was never at issue. Finally, nothing in the record supports a conclusion that our decision to dismiss Bolton's appeal would "work a miscarriage of justice."[1] *Id.*

For these reasons, we conclude that Bolton's waiver of his right to appeal was valid and is effective. Accordingly, we decline to exercise jurisdiction and we will dismiss his appeal.

---

[1] Bolton complains that the District Court treated the Sentencing Guidelines as mandatory. Yet, the District Court affirmatively stated that the sentence would be the same whether or not the Guidelines were mandatory. Additionally, the basis for the sentence was clearly explained and well-reasoned. We therefore conclude that any error was harmless and we do not find any miscarriage of justice in the District Court's sentence. *U.S. v. Booker*, 543 U.S. 220, 268 (2005).