NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3783
_____

UNITED STATES OF AMERICA

v.

JULIUS BUTLER,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00732-001
(Honorable Juan R. Sanchez)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2012

Before:  SCIRICA, RENDELL and SMITH, *Circuit Judges*.

(Filed: January 20, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Julius Butler plead guilty pursuant to a written plea agreement for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.  The District Court sentenced Butler to 300 months' imprisonment.  Butler appeals, arguing the government breached the terms of the plea agreement.  We will affirm.

# I

Julius Butler was an organizer and leader of the "2nd Gang," which distributed crack and powder cocaine in Allentown, Pennsylvania from 1998 through 2003. He was one of thirteen individuals indicted by a grand jury on a twelve count indictment. Butler entered into a plea agreement in which he agreed to plead guilty to one count of conspiracy to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. The agreement established Butler's obligations to "cooperate fully and truthfully with the government" and reserved to the government's discretion the decision of whether to file a departure motion under the Sentencing Guideline § 5K1.1. The District Court held a plea hearing on February 23, 2006, and accepted Butler's guilty plea. During the plea hearing the court confirmed that Butler understood that the decision of whether to file a departure motion rested within the "judgment and discretion" of the government. The prosecution stated that no determination had been made on Butler's eligibility for a departure motion but Butler had made initial cooperative efforts towards his eligibility for a § 5K1.1 reduction.

The government sent Butler a letter dated March 31, 2006, informing him it would not file a motion to depart from the mandatory minimum sentence under 18 U.S.C. § 3553(e) because he had not provided sufficient information about the criminal activity of others to justify such a filing. The letter confirmed the government would only file a motion for a downward departure under U.S.S.G. § 5K1.1 if he continued to cooperate. The sentencing hearing, originally scheduled for May 31, 2006, was twice continued. The government sent a second letter to Butler dated May 28, 2008, informing him that his

failure to provide "substantial assistance in the investigation or prosecution of others" meant it would not file a § 5K1.1 motion to depart from the sentencing guidelines.

At the sentencing hearing on August 8, 2008, Butler argued the government's March 31, 2006 letter was an agreement by the government to recommend a sentence of ten years' imprisonment. The District Court reiterated that the court had an extensive colloquy with Butler at the plea hearing and specifically highlighted it remained within the sole discretion of the government whether to file a § 5K1.1 departure motion. Butler's counsel made a motion to withdraw the guilty plea. The court decided to proceed with sentencing and held it would consider the motion to withdraw at a later time, upon the filing of a formal motion. Butler never filed a formal motion to withdraw the guilty plea.

The District Court found Butler's total offense level was 36, applied a four-level enhancement for his role as an organizer/leader of the organization, a two-level enhancement because members used guns in furtherance of the drug trafficking activity, and a two-level reduction for acceptance of responsibility. With an adjusted offense level of 40 and a criminal history category of III, Butler's guideline range was 360 months to life imprisonment. He was sentenced to 300 months incarceration, a fine of $2,500, and a special assessment of $100. Butler timely appealed.[1]

---

[1] Butler's plea agreement contained a conditional waiver of appeal which prohibited Butler from appealing the sentence except in three instances: (1) the "sentence on any count … exceeds the statutory maximum"; (2) "the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines"; (3) "the sentencing judge … imposed an unreasonable sentence above the final Sentencing Guideline range." None of those situations are applicable.

## II

Butler argues the government breached the terms of the plea agreement by failing to move for a downward departure from the guidelines under U.S.S.G. § 5K1.1.[2] We analyze whether there is a violation of the plea agreement under contract law standards. *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998). "In determining whether the plea agreement has been breached, courts must determine 'whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty.'" *Id.* (quoting *United States v. Badaracco*, 954 F.2d 928, 939 (3d Cir. 1992)). We must therefore determine whether the government's conduct falls within the range of reasonable expectations understood by Butler when he entered his guilty plea. We exercise de novo review over the question of whether the government has breached the plea agreement. *United States v. Rivera*, 357 F.3d 290, 293 (3d Cir. 2004).

Butler contends he reasonably believed the plea agreement he entered into with the government was for a ten year sentence. He understood that the government would not file a departure from the ten-year mandatory minimum under 18 U.S.C. § 3553(e), but he believed the government would move for a downward departure from the guidelines

---

Although the government filed a motion to enforce the waiver provision, it has since stated in its brief that the motion is moot and that we should decide the case on its merits. Although the waiver provision is likely valid and enforceable, we retain jurisdiction over an appeal where a defendant has signed an appellate waiver agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). We will therefore decide whether the Government breached the plea agreement on the merits.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

4

under § 5K1.1 in order to arrive at a ten-year sentence. He supports his belief with the government's statements made at the plea hearing[3] and the March 31, 2006 correspondence between his counsel and the government.[4] We agree with the District Court that the government did not breach the plea agreement as it never agreed to file a § 5K1.1 motion.

In the plea agreement, the Government agreed to make a reduction motion if it determined Butler provided substantial assistance. The plea agreement was clear that the decision on whether to file a motion for departure under § 5K1.1 remained within the sole discretion of the government and that at the time of the agreement no determination as to his eligibility for a § 5K1.1 motion had been made. In its thorough plea colloquy, the District Court ensured that Butler understood the terms of the agreement and that the decision of whether to file a § 5K1.1 motion was within the government's sole discretion. Furthermore, the court clarified that even if the government filed a § 5K1.1 departure motion, the court was free to sentence him within the guidelines. To the extent that Butler believed his plea agreement was for a ten-year year sentence, that was an unreasonable belief on his part. Because the filing of a § 5K1.1 motion was not a term of the plea agreement, the failure to file a motion cannot be a breach of the agreement.

---

[3] At the plea hearing, the government stated:
> Right. I do want to clarify that and state that the defendant has made initial cooperative efforts, which would make him eligible for a 5K. That's not to say that we will file a 5K motion yet, but he has made cooperative efforts that make him eligible for a 5K1 as of this date.

[4] The government's letter included the following language:
> Based upon his initial proffers with us, and his anticipated continued cooperation, the government will only file a motion for downward departure from the sentencing guidelines under § 5K1.1.

## III

For the foregoing reasons, we will affirm the judgment of conviction and sentence.