NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3269
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER CURANOVIC,
                                                     Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 2-09-cr-00069-001)
District Judge:  Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2012
_____

Before:  McKEE, Chief Judge, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

        Christopher Curanovic pled guilty in the United States District Court for the

District of New Jersey to conspiracy to launder money in violation of 18 U.S.C.

§ 1956(h).  The District Court sentenced him to 37 months' imprisonment, to run

consecutively to a 116-month term of imprisonment imposed by the United States District Court for the Eastern District of New York for an unrelated offense. Curanovic now appeals his New Jersey sentence as procedurally and substantively unreasonable. For the following reasons, we affirm.[1]

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In 2007, Curanovic met with an undercover F.B.I. agent and agreed to launder money for people he believed to be retired drug traffickers. Curanovic received a total of $300,000 from the undercover agent, though only $100,000 was successfully laundered into an undercover account. Neither the Government nor Curanovic provides information as to the whereabouts of the remaining $200,000.

As part of a written plea agreement, Curanovic and the Government stipulated that the amount of loss was between $70,000 and $120,000. The parties agreed to a total Guidelines offense level of 20, and both waived the right to appeal if the sentence fell within the corresponding Guidelines range of 37 to 46 months. The waiver of appeal applied "even if the Court employ[ed] a Guidelines analysis different from that stipulated to [in the plea agreement]." At sentencing, the Court rejected the parties' factual stipulation regarding the amount of loss and instead adopted the $300,000 figure put forth by the Probation Office in the Pre-Sentencing Report. The District Court calculated a Guidelines range of 57 to 71 months, based on a Guidelines offense level of 24 and a

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

criminal history category of II.  In considering the "totality of the circumstances," the Court varied downward and sentenced Curanovic to a term of 37 months' imprisonment.

## II.

When a defendant knowingly and voluntarily waives his right to appeal, we will not exercise our jurisdiction to review the merits of that appeal "unless the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).  Based on the record before us, we believe that Curanovic knowingly and voluntarily waived his right to appeal.  The 37-month sentence imposed by the District Court is within the sentence range agreed by the parties, and the waiver of appeal is not affected by the District Court "employ[ing] a Guidelines analysis different from that stipulated to [in the plea agreement]."  For these reasons, we conclude that this appeal was effectively waived.

Even were we to rule on the merits of Curanovic's appeal, we would hold the District Court's sentence to be procedurally and substantively reasonable.  We review a district court's sentence for abuse of discretion, *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009), and apply a two-step process to determine whether a sentencing court committed procedural or substantive error.  *Id.*  First, we "ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).  Significant procedural errors include "failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552

3

U.S. 38, 51 (2007). Second, we consider the totality of the circumstances to determine whether the sentence is substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Where "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). In determining whether a term of imprisonment should run concurrently or consecutively, the district court must consider the § 3553(a) factors. *Id..* at § 3584(b). We review a district court's imposition of a consecutive sentence for abuse of discretion. *United States v. Swan*, 275 F.3d 272, 275 (3d Cir. 2002).

The District Court did not commit procedural error in calculating the amount of loss. Under U.S.S.G. § 2B1.1, "loss is the greater of actual loss or intended loss." *See* U.S.S.G. § 2B1.1, cmt. n.3(A). The Court was reasonable in basing its sentence on the intended loss of $300,000, and not the actual loss of $100,000 agreed upon by the parties. Moreover, even if it did commit procedural error in adopting the higher loss amount, that error would be harmless because the Court sentenced Curanovic within the range that would have applied had it adopted the lower loss amount stipulated by the parties.

In addition, the sentence is substantively reasonable. The District Judge properly considered the § 3553(a) factors when it determined that the 37-month sentence should run consecutively to the 116-month prison term in New York. The Judge "set forth enough to satisfy [us] that he . . . considered the parties' arguments and ha[d] a reasoned

4

bases for exercising his own legal decisionmaking authority." *Jones*, 566 F.3d at 366 (citations and internal quotation marks omitted).

\* \* \* \* \*

For these reasons, we affirm.