**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-4572

———————

UNITED STATES OF AMERICA

v.

TERRANCE WILLIAMS,
a/k/a Terrence Williams

Terrance Williams,
                                          Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00717-001)
District Judge:  Honorable R. Barclay Surrick

———————

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2013

———————

Before: SMITH, CHAGARES and BARRY, Circuit Judges

(Opinion Filed:  February 5, 2013)

———————

OPINION

———————

BARRY, Circuit Judge

        Appellant Terrance Williams ("Williams") pled guilty to possession of a firearm

by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Before his sentencing, Williams filed a motion to withdraw his guilty plea, which the District Court denied. The District Court sentenced him to 180 months' imprisonment, followed by three years of supervised release. On appeal, Williams argues that the District Court: (1) abused its discretion in denying his motion to withdraw his guilty plea; (2) erred in concluding that the government provided sufficient evidence to qualify Williams as an armed career criminal; and (3) erred in denying his motion to dismiss the indictment.

We have considered the record in this case and the extensive briefs submitted to us. Because we write primarily for the parties, we see no reason to reprise the facts of this case and the arguments raised on appeal. Suffice it to say that, substantially for the reasons set forth by the District Court, the District Court did not abuse its discretion in denying Williams' motion to withdraw his guilty plea after concluding that he had not shown "a 'fair and just reason' for the withdrawal of his plea." *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010) (quoting Fed. R. Crim. P. 11(d)(2)).[1] We conclude, as well, that Williams' claim that the District Court erred in finding the recidivist enhancement of the Armed Career Criminal Act, 18 U.S.C. § 924(e), applicable to him, and his arguments addressed to the indictment, are barred by what we find was Williams'

---

[1] Williams states in connection with his appeal of the denial of that motion that he "is not challenging per se ineffective representation" before the District Court. Appellant's Br. 20. To the extent that his use of the term "per se" may appear to be a veiled suggestion to the contrary, a claim of ineffective assistance of counsel, on a record this bereft of evidence in that regard, can only be brought under 28 U.S.C. § 2255. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).

knowing and voluntary waiver of appeal, the enforcement of which would not work a miscarriage of justice. *United States v. Gwinnett*, 483 F.3d 200, 206 (3d Cir. 2007).

The judgment of sentence will be affirmed.