**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3362
_____

UNITED STATES OF AMERICA

v.

JOHN B. BAIRD,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 10-CR-00339-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2013
_____

Before: FUENTES, COWEN and BARRY, Circuit Judges

(Opinion Filed:  October 23, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

John B. Baird pled guilty pursuant to a plea agreement to a four-count indictment

charging mail fraud.  He now appeals the denial of his motion to withdraw his guilty plea,

as well as the within-Guidelines sentence that was imposed.  We will affirm.

## I.  Background

Baird operated a travel business, Christian Pilgrim Tours, Inc. ("CPT"), which arranged tours to Christian pilgrimage sites.  Many of Baird's victims were elderly and retired, and he often enlisted priests and other church leaders to encourage adherents to go on the CPT tours.  From 2004 to 2007, he cancelled seven tours without refunding the full amount the victims had paid.  Indeed, many victims paid for the tours months in advance (and had been encouraged to do so by Baird), but he did not place the payments into escrow and admitted that he used the funds to pay personal expenses.  Baird collected from 138 victims approximately $423,577, none of which was refunded by him.  Some victims received partial compensation pursuant to a bankruptcy distribution of approximately $13,237, and a charitable group provided financial assistance to certain victims.

On May 20, 2010, a grand jury charged Baird with four counts of mail fraud, in violation of 18 U.S.C. § 1341.  On January 30, 2012, Baird entered a guilty plea to all counts pursuant to a plea agreement.  As he acknowledged during the change of plea hearing, the plea agreement contained a waiver of his right to appeal or collaterally attack his conviction and sentence except in limited circumstances.[1]

Prior to sentencing, Baird moved to withdraw his guilty plea.  Following a hearing on July 25, 2012, the District Court denied Baird's motion to withdraw his plea and

---

[1] Notwithstanding the waiver, Baird retained his right to appeal in the event that the government appealed or his sentence exceeded the statutory maximum as to any count, the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines, or the sentencing judge imposed an unreasonable above-Guidelines sentence.

proceeded to sentencing. The Court concluded that the loss amount for purposes of the Sentencing Guidelines calculation was over $400,000, and sentenced Baird to a total of 60 months' imprisonment, within the applicable Guidelines range of 51 to 63 months. The Court also imposed a period of supervised release and restitution of $410,340. Baird filed a motion to reconsider and vacate his sentence, which was denied on August 13, 2012.

Baird appeals the denial of his motion to withdraw the guilty plea and argues that the sentence that was imposed was unreasonable.

## II. Discussion

We review a district court's ruling on a motion to withdraw a guilty plea for abuse of discretion. United States v. Siddons, 660 F.3d 699, 703 (3d Cir. 2011). Where a defendant challenges his sentence despite the existence of an appellate waiver, we review the validity of the appellate waiver de novo. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).

### A. Withdrawal of Guilty Plea

Under Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." A defendant who seeks to withdraw a guilty plea bears a "substantial burden" of showing a fair and just reason for the withdrawal of his plea. Siddons, 660 F.3d at 703. As we have held, "[a] shift in defense tactics, a change of mind, or the fear

3

of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citation and quotation marks omitted). "We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts [his or] her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). An assertion of innocence "must be buttressed by facts in the record that support a claimed defense," id. at 818, and a defendant must "give sufficient reasons explaining why contradictory positions were taken before the district court." Jones, 336 F.3d at 253 (quotation marks omitted).

The District Court did not abuse its discretion when it denied Baird's motion to withdraw the guilty plea. As the Court noted, Baird was fully advised of his rights and was told that if he did plead guilty, he was pleading guilty "for all time." (App. 215.) The Court found that Baird showed no confusion or misunderstanding of the guilty plea proceedings and that he voluntarily entered a competent and knowing plea of guilty. In seeking to withdraw the plea, Baird claimed he was innocent because his failure to book the tours did not stem from criminal intent, but rather from poor business and accounting skills; however, he advanced no evidence in support of his claim of innocence and offered nothing to explain the contradictory position he took during the plea colloquy. Moreover, because so many of his victims were elderly, there was "a real risk that key

4

witnesses would pass away or memories would fail prior to trial," see Siddons, 660 F.3d at 703, resulting in prejudice to the government. Baird has failed to show a "fair and just reason" justifying withdrawal of the plea.[2]

**B.     Appellate Waiver**

Appellate waivers, if entered into knowingly and voluntarily, are valid. United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). We "will decline to exercise our jurisdiction to review the merits of an appeal where the defendant knowingly and voluntarily waived the right to appeal." United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008). We have recognized, however, that "'[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver,' and in such cases we will exercise our jurisdiction over a waived appeal." Id. (quoting Khattak, 273 F.3d at 562). In evaluating whether a "miscarriage of justice" has occurred, we consider factors including "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

The record demonstrates that Baird's waiver of appeal was knowing and

---

[2] Baird argues that we should remand to the District Court for a new hearing on his motion to withdraw because the Court failed to explicitly consider the three factors enunciated in Brown. Given Baird's failure to advance any reason much less any evidence to support his motion, however, we reject his request for a remand without further discussion.

voluntary. The District Court conducted a thorough plea colloquy to ensure that he understood each aspect of the plea agreement, including the waiver of his right to appeal. Moreover, Baird does not seriously contend that his appeal of the within-Guidelines sentence that did not exceed the statutory maximum falls within any of the limited circumstances that would have preserved his right to appeal.

In any event, Baird's substantive arguments regarding his sentence lack merit. While not disputing the amount of the loss, Baird argues that he should have received a "credit" against that amount to account for the fact that some victims received some compensation from third parties, compensation, we note, that was in no way attributable to Baird. Moreover, the District Court did not take issue with the positive testimony it received at the sentencing hearing from Baird's wife, grandson, and friend. That testimony, however, was simply not enough.

## III.    Conclusion

We will affirm the judgment of sentence.