**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3518
_____

UNITED STATES OF AMERICA

v.

CHARLES F. MURRAY

Charles Murray,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-cr-00666
District Judge: The Honorable Bruce W. Kauffman

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 15, 2012

Before: SMITH, FISHER, and GARTH, *Circuit Judges*

(Filed:   May 21, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Charles Murray pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Murray petitions for relief under 28 U.S.C. § 2255, arguing in part that he was deprived of his right to counsel on direct appeal following his guilty plea. The District Court dismissed Murray's petition. We conclude that Murray waived his right to raise his deprivation of counsel claim; we will thus affirm.

I

On October 13, 2004, Murray was charged by information with one count of possession of child pornography. Murray entered into a plea agreement with the Government, and pled guilty to the single count information. As part of the plea agreement, Murray agreed to:

> voluntarily and expressly waive[ ] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

Supp. App'x 35-36 [the "Waiver"]. The plea agreement did permit Murray to appeal three discrete issues:

> If the government does not appeal, then notwithstanding the waiver provision set forth above, the defendant may file a direct appeal but may raise only claims that:
>
> > 1.  the defendant's sentence exceeds the statutory maximum;
> >
> > 2.  the sentencing judge erroneously departed upward

2

> from the otherwise applicable sentencing guideline range; or
>
> 3. the court used an incorrect standard of proof in making factual determinations necessary to sentencing and in doing so prejudiced the defendant.
>
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

*Id.* at 36.

On November 5, 2005, the District Court conducted a plea colloquy. At the plea colloquy, Murray was represented by counsel ("plea counsel"). The court reviewed the plea agreement with Murray, and inquired into whether Murray was entering his plea knowingly and voluntarily. The District Court also specifically referenced the Waiver. *Id.* at 21, 23-24. Murray confirmed that he understood the Waiver, and that he still wished to plead guilty. The District Court accepted Murray's plea.

On February 24, 2005, the District Court sentenced Murray to 40 months' imprisonment, with 12 months to be served consecutively to his pending sentence from a related case in the District of New Jersey. The District Court also sentenced Murray to three years supervised release, ordered a fine of $1000, and ordered a special assessment of $100. At Murray's sentencing hearing, the District Court informed Murray that any appeal must be filed within ten days of the

3

hearing. The court also advised Murray that he had a right to counsel on appeal, and that if he could not afford an attorney, one would be appointed to represent him.

On March 9, 2005, Murray filed a timely *pro se* notice of appeal. On April 11, 2005, the Government moved in this court to enforce the Waiver and dismiss Murray's direct appeal. Plea counsel did not respond to the Government's motion. On April 18, 2005, Murray filed a financial affidavit in this court and moved for appointment of counsel for his direct appeal. On May 27, 2005, we granted the Government's motion to enforce the Waiver, and dismissed Murray's direct appeal. We did not rule on Murray's motion for appointment of counsel.

On June 19, 2006, Murray filed a *pro se* petition for habeas relief under § 2255. The majority of Murray's petition asserted claims of ineffective assistance of counsel regarding plea counsel's performance leading up to and following his guilty plea. In the memorandum of law filed in support of Murray's petition, however, Murray also claimed that he was denied his right to effective assistance of counsel when counsel was not appointed on direct appeal.[1] On December 13,

---

[1] Murray argues that he was deprived of his right to counsel on direct appeal. As the Government notes, however, plea counsel continued to represent Murray while Murray filed his *pro se* notice of appeal. *See* 3rd Cir. LAR 109.1 (2011) ("Trial counsel in criminal cases, whether retained or appointed, are expected to continue on appeal absent extraordinary circumstances."); Supp. App'x 134. As such, his claim is better characterized as an ineffective assistance of counsel claim implicating plea counsel's performance in the course of his direct appeal.

2006, Murray moved for appointment of counsel concerning his pending § 2255 petition. The District Court granted this motion and appointed counsel.

On April 11, 2007, the District Court held an evidentiary hearing on Murray's petition. The evidentiary hearing focused almost exclusively on the performance of his counsel leading up to Murray's guilty plea. At the hearing, plea counsel testified that he specifically discussed with Murray the possibility of moving to suppress evidence. Murray's counsel at the evidentiary hearing affirmed that Murray himself "made the decision not to raise the issue" before the District Court. Supp. App'x 81.

On August 13, 2007, the District Court dismissed Murray's § 2255 petition, concluding that Murray had failed to show that plea counsel was ineffective for failing to inform him that he might be able to suppress certain evidence the Government had collected. The District Court acknowledged the Waiver, but noted that it could not enforce such a waiver if the waiver was not entered into knowingly and voluntarily and instead proceeded to consider the merits of Murray's ineffective assistance of plea counsel claim. The District Court did not

_____

Regardless, because we conclude that Murray has knowingly and voluntarily waived his claim, and that such waiver would not effect a miscarriage of justice, this distinction is irrelevant to our analysis.

5

address Murray's claims concerning his right to counsel on direct appeal. This appeal followed.[2]

## II

Before considering the merits of Murray's claim, we must consider whether the Waiver bars this claim. *United States v. Mabry*, 536 F.3d 231, 241 (3d Cir. 2008) (noting that the effectiveness of a collateral-attack waiver is a "threshold issue"). There are two situations in which Murray might be allowed to maintain his claim: (1) if the Waiver was not knowing and voluntary; and (2) if enforcing the Waiver would "work a miscarriage of justice." *Id.* We review *de novo*. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

First, we agree with the District Court that Murray's waiver was knowing and voluntary. Murray acknowledges that the District Court and plea counsel discussed the Waiver with him, and that he understood its terms. Murray argues that the Waiver was nonetheless not knowing and voluntary due to plea counsel's alleged ineffective assistance in failing to inform him that certain evidence against him might be suppressed. The District Court correctly concluded that Murray failed to show that plea counsel was ineffective. *See Strickland v. Washington*,

---

[2] The District Court had jurisdiction over Murray's petition under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. *Accord United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (noting that "this court retains subject matter jurisdiction over the appeal by a defendant who had signed an appellate waiver").

466 U.S. 668 (1984). As a result, Murray has failed to show that the Waiver was not knowing and voluntary.

Second, we conclude that enforcing Murray's waiver would not effect a miscarriage of justice. We have held that "[e]nforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the Defendant] . . . from filing a direct appeal *as permitted by his plea agreement* would result in a miscarriage of justice." *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007) (emphasis added). Murray's plea agreement allowed him to raise three specific arguments on direct appeal, all dealing exclusively with sentencing. Murray has not claimed that he wished to appeal his sentence on any of these three grounds "permitted by his plea agreement."[3] *Shedrick*, 493 F.3d at 298. Rather, as in *Mabry*, Murray "has not identified any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack in his petition, . . . his counseled brief, or any other filing." *Mabry*, 536 F.3d at 243. Instead, "[t]he issues [Murray] seeks to raise on appeal are insubstantial and clearly encompassed by the broad waiver." *Id.* Thus, as in *Mabry*, we conclude that enforcing the Waiver would not

---

[3] Murray's brief in this court, as well as his papers filed in the District Court, only suggest that Murray intended to raise his ineffective assistance of plea counsel claim on direct appeal. To the extent that Murray sought a direct appeal on this basis, we note that "we ordinarily do not address ineffective-assistance arguments on direct appeal, especially where, as here, the factual basis for the claims is not well developed." *United States v. Duka*, 671 F.3d 329, 353 n.18 (3d Cir. 2011).

effect a miscarriage of justice.

For the foregoing reasons, we conclude that Murray has waived his claim.[4]

We will affirm.

---

[4] Our certificate of appealability directed the parties to focus on three issues: (1) the impact of the Waiver on Murray's claim concerning his right to effective assistance of counsel on direct appeal; (2) whether a § 2255 petition is the proper vehicle for such a claim; and (3) whether Murray's rights were, in fact, violated by a denial of his right to effective assistance of counsel on direct appeal. In light of our conclusion concerning the first issue, we do not reach the second and third issues raised in our certificate. *Mabry*, 536 F.3d at 242 (holding that "the validity of [a] collateral waiver [is] a threshold issue . . . .").