NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 19-1121

───────────────

UNITED STATES OF AMERICA

v.

TIMOTHY ANDERSON,
                                        Appellant

───────────────

On appeal from the District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-18-cr-00060-001)
District Judge: Honorable Donetta W. Ambrose

───────────────

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, Circuit Judges

(Opinion filed July 22, 2019)

───────────────

OPINION[*]

───────────────

FUENTES, Circuit Judge

        Timothy Anderson appeals from the District Court's denial of his Motion to

Suppress and judgment of conviction. Anderson contends that the District Court clearly

───────────────

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

erred by crediting Patrolman Daniel Tressler's testimony regarding probable cause to search an automobile driven by Anderson. Anderson argues that Tressler lacks credibility because his recollection of the timing of events surrounding the search does not align with documentary evidence. According to Anderson, those inconsistencies undermine Tressler's entire testimony, including his explanation that he had probable cause to search the vehicle.[1] Anderson thus contends that Tressler did not have probable cause to search the vehicle and the search was a violation of his Fourth Amendment rights. Because we conclude there was no clear error by the District Court, we will affirm.

## I. Background

While on duty one evening, Patrolman Daniel Tressler stopped a vehicle driven by Timothy Anderson after observing two traffic violations: failure to deactivate high beams for oncoming traffic and driving with an expired vehicle registration. Tressler testified that, when he first approached the vehicle, he was unaware that it was owned by James Masterson, a known drug dealer. During the course of the stop, Anderson explained to Tressler that he borrowed the vehicle from his friend, "James," but did not know James' last name.[2] Anderson admitted that he did not have a valid driver's license, but he provided Tressler with his full name, date of birth, and a paystub for verification.

Tressler testified that during this initial conversation with Anderson he smelled marijuana coming from inside and decided to search the vehicle. After asking Anderson

---

[1] Anderson does not dispute the propriety of Tressler's initial stop of the vehicle.
[2] JA 45.

2

to step out of the vehicle, Tressler performed a *Terry*[3] frisk on him, but did not recover any contraband. Tressler then "visually" inspected the vehicle himself for any hazards before deploying a drug-sniffing dog to search for narcotics.[4] During this initial "safety" inspection, Tressler moved clothing in the rear of the vehicle and uncovered a handgun on the passenger side floorboard.[5] Shortly thereafter, the dog searched the vehicle and signaled that it detected narcotics in the rear center armrest area. Tressler examined the area and uncovered small amounts of suspected marijuana.

Anderson was charged with possession of a firearm by a convicted felon.[6] He moved to suppress the firearm as obtained pursuant to an allegedly illegal search. In his Motion, Anderson argued that there were inconsistencies between Tressler's timeline of events and documentation maintained by the Lawrence County Emergency Operations Center that discredited Tressler's testimony regarding probable cause. According to the Operations Center's records, Tressler transmitted the vehicle's license plate number to the Operations Center, which responded in fourteen seconds, listing James Masterson as the owner of the vehicle. Just over a minute after receiving that response, Tressler called for backup and another officer was dispatched to the scene. Almost five minutes after

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968). Under *Terry*, an officer may "conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Bey*, 911 F.3d 139, 145 (3d Cir. 2018) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). Anderson does not challenge the propriety of the *Terry* frisk.
[4] JA 49.
[5] JA 50.
[6] 18 U.S.C. § 922(g)(1). Anderson had prior convictions for first degree burglary and maintaining a place to sell controlled substances.

calling for backup, Tressler called the Operations Center to inquire into Anderson's identity.

Tressler's testimony presented a different sequence. Although he could not recall the exact time the Operations Center replied to the license plate query, Tressler testified that he did not receive its response as to the vehicle's owner until after he first approached the vehicle. He also asserted that he did not request backup until *after* checking Anderson's identity through the Operations Center.

The District Court nonetheless denied the Motion to Suppress, reasoning that Tressler's testimony was credible and that he had probable cause to search the vehicle after detecting marijuana. Anderson pleaded guilty and now appeals the denial of his Motion to Suppress.

## II.    Discussion[7]

On appeal, we are confronted with two issues: (1) whether we have jurisdiction to hear a challenge to a district court's "pure" credibility determination; and (2) whether the District Court clearly erred in crediting Tressler's testimony regarding probable cause despite conflicts with the Operation Center's records. We conclude we have jurisdiction to hear Anderson's challenge and hold that the District Court did not clearly err in crediting Tressler's testimony.

---

[7] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; we have jurisdiction over Anderson's direct appeal pursuant to 28 U.S.C. § 1291. The presence of the appellate waiver and the conditional plea that Anderson entered does not impact our jurisdiction to consider the issues raised here. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Anderson's plea agreement expressly reserves the right to appeal from the denial of his Motion to Suppress.

## A.   We Have Jurisdiction to Hear the Appeal

The Government first argues that this Court does not have jurisdiction to review the District Court's "pure" credibility findings.[8]  Anderson responds that an appellate court may, in fact, analyze whether a witness's testimony is "coherent and plausible."[9] We agree with Anderson with respect to our jurisdiction.

The Government's argument misconstrues a line of cases stemming from our decision in *Government of the Virgin Islands v. Gereau*.[10]  While the *Gereau* decision states that "a fact-finder's determination of credibility is not subject to appellate review," the *Gereau* court proceeded to evaluate the district court's credibility determination, ultimately finding the District Court did not err.[11]  Consequently, the *Gereau* court's recognition that "credibility determinations are uniquely the province of the fact-finder,"[12] does not limit our jurisdictional reach, but rather acknowledges the high standard a defendant faces in challenging a trial court's credibility determination.  The Supreme Court has affirmed that the bar to challenging a credibility determination is high, but not insurmountable, stating:

> This is not to suggest that the trial judge may insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness. . . . Where such factors are present, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination. . . . But when a trial judge's finding is based on his decision to credit the testimony of one of two or more

---

[8] Appellee Br. 18-19.

[9] Appellant Reply Br. 5.

[10] 502 F.2d 914 (3d Cir. 1974).

[11] *Id.* at 921-22 (concluding regarding the District Court's credibility determination, "We find no error in this."); *accord United States v. Bethancourt*, 65 F.3d 1074, 1081 n.4 (3d Cir. 1995).

[12] 502 F.2d at 921; *accord Bethancourt*, 65 F.3d at 1081 n.4.

witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. [13]

Thus, *Gereau* and its progeny do not bar our review of the District Court's credibility determination, and we have jurisdiction to review this appeal.

### B. The District Court Did Not Clearly Err in Crediting Tressler's Testimony

Next, Anderson argues that the District Court erred in concluding that Tressler's testimony was credible because it was contradicted by the Operation Center's records. [14] Anderson asks us to apply the "false in one, false in all" maxim [15] to conclude that "because the evidence strongly suggests that Officer Tressler testified falsely as to the circumstances of the search, it is proper to infer that he testified falsely as to the odor of marijuana" in order to establish probable cause to search the vehicle. [16] In response, the Government contends that Tressler's testimony is not contradicted, but rather

---

[13] *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 575 (1985); *accord United States v. Benoit*, 730 F.3d 280, 283 n.5 (3d Cir. 2013); *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997) (citing *Anderson*, 470 U.S. at 575) ("[R]eview is more deferential with respect to determinations about the credibility of witnesses, and when the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error.").

[14] Anderson points out that the District Court did not rule on the admission of one version of the Operation Center's records, which he labels the "Old CAD Report." Following the suppression hearing, Anderson filed a post-hearing brief with the Old CAD Report appended, which had not been relied on or introduced into evidence at the suppression hearing. However, on appeal, Anderson fails to present any argument in his opening brief regarding the admissibility of that Report and has consequently waived that issue. Even if we were to consider the Old CAD report, it would be immaterial to our decision.

[15] *See United States v. Rockwell*, 781 F.2d 985, 988 (3d Cir. 1986).

[16] JA 136.

corroborated by other evidence and that the District Court did not clearly err in crediting his testimony. The Government is correct with respect to this issue.

The Fourth Amendment permits "law enforcement to seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'"[17] Probable cause "requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt."[18]

Probable cause may be challenged by a defendant in a motion to suppress.[19] "We review a district court's order denying a motion to suppress under a mixed standard of review. We review findings of fact for clear error, but we exercise plenary review over legal determinations."[20] A finding of fact, including an assessment of credibility, is clearly erroneous only when we are left with a "definite and firm conviction that a mistake has been committed."[21] As noted above, "assessments of credibility by the trial court are entitled to great deference at the appellate level," and need only be supported by "a minimal indicia of reliability."[22] As long as the testimony is "coherent and plausible,

---

[17] *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).

[18] *Id.* at 98 (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995)).

[19] Fed. R. Crim. P. 41(h).

[20] *Benoit*, 730 F.3d at 283 n.5 (quoting *United States v. Lewis*, 672 F.3d 232, 236-37 (3d Cir. 2012)).

[21] *Igbonwa*, 120 F.3d at 440 (quoting *United States v. Bogusz*, 43 F.3d 82, 85 (3d Cir. 1994)).

[22] *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003) (internal quotation marks omitted).

not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error."[23]

In making credibility determinations, if a judge or jury finds that a witness testifies falsely on one matter, they may choose to believe or discredit the other aspects of their testimony. However, "a deliberate falsehood as to a collateral matter need not impugn other aspects of a witness' testimony."[24] The "false in one, false in all" principle is a permissible inference that a fact finder may choose to follow, not an inference that a factfinder is required to follow.[25]

The District Court did not clearly err in crediting Tressler's testimony, despite its potential inaccuracies. Tressler's testimony that he smelled marijuana emanating from inside the vehicle is internally consistent. That testimony is supported by his testimony that his drug-sniffing dog alerted him to the presence of narcotics in the vehicle. Further, Tressler is trained in drug detection. The District Court found that the Tressler's "experience and training renders [him] a credible witness as to identifying the smell of marijuana." [26] Any inconsistency in the sequence of radio calls does not discount Tressler's testimony to the point where we can say with a "definite and firm conviction" that the District Court made a mistake.[27] Tressler's testimony is "coherent and

---

[23] *Igbonwa*, 120 F.3d at 441 (citing *Anderson*, 470 U.S. at 575).
[24] *Rockwell*, 781 F.2d at 990-91 (concluding that a jury might reasonably find that an officer, "even if deliberately lying about why he dropped the charges, was nonetheless telling the truth about [the defendant]").
[25] *Id*.
[26] JA 15.
[27] *Igbonwa*, 120 F.3d at 440.

plausible,"[28] and therefore the District Court did not clearly err in concluding that "[t]he detection of the odor of marijuana by Tressler constituted probable cause."[29]

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order denying Anderson's Motion to Suppress and his judgment of conviction.

---

[28] *Id*. at 441.
[29] JA 15.