**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1074

_____

UNITED STATES OF AMERICA

v.

NIKEEM LEACH-HILTON,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cr-00135-002)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 5, 2026

_____

Before:  SHWARTZ, BIBAS, and PHIPPS, *Circuit Judges*

(Filed: March 12, 2026)

_____

OPINION*

_____

PHIPPS, *Circuit Judge*.

On December 19, 2021, between about 2:50 a.m. and 9:45 a.m., Nikeem Leach-Hilton participated in three armed carjackings.  The first two vehicles – a 2018 Dodge Durango and a 2021 Range Rover – were carjacked in Philadelphia, and the third vehicle – a 2004 Range Rover – was carjacked in Springfield, Pennsylvania.  On April 26, 2022, a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

federal grand jury in Philadelphia indicted Leach-Hilton along with a coconspirator on seven counts – three for the carjackings, *see* 18 U.S.C. § 2119, three for the brandishing of a firearm during and in relation to the carjackings, *see id.* § 924(c)(1)(A)(ii), and one for conspiracy to commit carjacking, *see id.* § 371.

Leach-Hilton initially pleaded not guilty, but in July 2023, he entered into a written plea agreement. By the terms of that agreement, Leach-Hilton promised to plead guilty to the three carjacking counts, one of the firearm counts, and the conspiracy count. In return, the prosecution promised to dismiss the two remaining firearm counts. *See* Fed. R. Crim. P. 11(c)(1)(A). Then, as to the proposed sentence, the parties stipulated to a range of 192 to 219 months in prison. Pursuant to Rule 11(c)(1)(C), the parties conditioned the District Court's acceptance of that plea upon the District Court's agreement to issue a sentence within that range. *See generally* Fed. R. Crim. P. 11(c)(1)(C). Also included in the proposed plea agreement was an appellate waiver that prohibited Leach-Hilton from disputing his sentence unless the challenge was based on ineffective assistance of counsel.

On August 7, 2023, the District Court held a change-of-plea hearing. At that hearing, it examined Leach-Hilton, found him to be competent, and accepted the plea agreement. Leach-Hilton, who, during that colloquy, acknowledged that he would be "stuck with whatever sentence" was imposed, then pleaded guilty to the agreed-upon counts. Change of Plea Hr'g Tr. 14:4 (SA58). The prosecution later moved successfully to dismiss the two remaining counts.

Based on the Sentencing Guidelines, the Presentence Report recommended a prison term of between 181 and 205 months. Leach-Hilton did not object to that range, and the prosecution moved for a sentence within that Guidelines range. The District Court,

however, sentenced Leach-Hilton to a prison term of 219 months – the maximum sentence to which the parties had stipulated in the plea agreement.

Leach-Hilton asked his counsel multiple times to file a notice of appeal, but his counsel did not. Eventually, Leach-Hilton filed a *pro se* habeas motion to challenge his counsel's failure to file an appeal. *See* 28 U.S.C. § 2255(a). The District Court granted his motion and appointed substitute counsel.

Through a notice of appeal, Leach-Hilton invoked this Court's appellate jurisdiction to challenge his sentence. *See id.* § 1291; 18 U.S.C. § 3742(a)(1); *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (holding that "this court retains subject matter jurisdiction over the appeal by a defendant who had signed an appellate waiver"). For the reasons below, we will affirm the judgment of the District Court.

## DISCUSSION

Leach-Hilton now raises three challenges to his sentence. First, he contends the District Court's 219-month sentence was an unreasonable upward variance. Second, he argues that the District Court failed to sufficiently consider the § 3553(a) factors in sentencing him. *See* 18 U.S.C. § 3553(a). Third, he asserts that his counsel was ineffective in violation of the Sixth Amendment.

### A. The First Two Challenges: The Upward Variance and Alleged Failure to Consider the § 3553(a) Factors

Neither of Leach-Hilton's challenges to his sentence has merit due to the appellate waiver in the plea agreement. That waiver had only one exception – for challenges based on ineffective assistance of counsel – yet neither the upward-variance argument nor the § 3553(a) contention relied on ineffective-assistance-of-counsel grounds; rather, they contested only rulings by the District Court at the sentencing hearing. And without a

3

challenge by Leach-Hilton to the validity of the appellate waiver,[1] that waiver bars both challenges.

**B. The Final Challenge: The Ineffective-Assistance-of-Counsel Claim**

Leach-Hilton also argues that his counsel was ineffective in two respects: by allowing him to accept a plea agreement that stipulated to a higher sentencing range than his Guidelines range and by failing to argue for a downward departure at sentencing. Unlike Leach-Hilton's other arguments on appeal, this challenge is not barred by the appellate waiver because the waiver expressly allows ineffective-assistance-of-counsel claims. But, as a general rule, ineffective-assistance-of-counsel claims are "not cognizable on direct appeal." *United States v. Shah*, 43 F.4th 356, 365 n.8 (3d Cir. 2022). Without any reason to treat this case as exceptional,[2] the general rule governs, and this claim will be denied without prejudice to Leach-Hilton's ability to pursue the claim in a collateral proceeding. *See United States v. Perrin*, 149 F.4th 267, 286 (3d Cir. 2025).

CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (articulating a tripartite test for an appellate waiver's validity that applies only "when the government invokes an appellate waiver and *the defendant contends that the waiver does not bar her appeal*" (emphasis added)).

[2] *See United States v. Washington*, 869 F.3d 193, 203 (3d Cir. 2017) (describing the "uncommon case" where "resolving an ineffectiveness claim on direct appeal is both feasible and efficient" because the "development of the record amounted to, in effect, a mini collateral proceeding").